## ALEXANDER ZAGELMEYER v. THE CINCINNATI, SAGINAW & MACKINAW RAILROAD COMPANY.

*Railroad companies—Failure to purchase ticket—Penalty—Maximum rate of fare—Eviction of passenger— Damages.*

1. There is no valid objection to a railroad company's charging an increased sum for passage where fares are collected on the train, provided that the sum collected does not exceed the statutory rate; but the company cannot impose, as a penalty for not purchasing a ticket before entering the car, such a sum that the fare collected on the train, including such additional amount, shall exceed the maximum allowed by law.[1]

2. A railway passenger who either produces a ticket which, as between the conductor and himself, entitles him to passage, or stands ready to pay the fare legally demandable, can recover substantial damages for being evicted from the car on his refusal to pay an unauthorized demand.

3. 3 How Stat. § 3323, subd. 9, which authorizes railroad companies to regulate the time and manner in which passengers and property shall be transported, and the tolls and compensation to be paid therefor, but provides that such compensation for transporting any passenger and his or her ordinary baggage, not exceeding a given weight, shall not exceed two, two and one-half, or three cents per mile, according to the gross earnings per mile of each road, will not permit a charge for a fraction of a mile, unless it is so large a fraction as to make the charge of one cent or more not in excess of the rate per mile fixed by the statute.

Error to Bay. (Cobb, J.) Argued June 26, 1894. Decided September 27, 1894.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

---

[1]As to validity of extra charge for passenger fare when paid upon train, see note to *Phettiplace v. Railway Co.*, 20 L. R. A. 483.

*Shepard & Lyon,* for appellant.

*Simonson, Gillett & Courtright,* for plaintiff.

MONTGOMERY, J. This action is brought to recover damages for being forcibly ejected from defendant's car, while riding as a passenger.

The defendant had adopted a regulation requiring conductors to make an additional collection of 10 cents on all fares paid by passengers taking defendant's trains from regular ticket stations. A notice had been posted in defendant's cars, which read:

"Passengers will save 10 cents on each fare by purchasing tickets before entering the cars."

Plaintiff, without buying a ticket, boarded a car on defendant's train at North Saginaw, bound for Salzburg, as he testifies, or West Bay City, according to the testimony of the conductor. When the conductor asked him for his fare, plaintiff tendered him a 50-cent piece, and said he would pay him the legal and lawful rate, but would not pay an extra 10 cents because he had not purchased a ticket.[1] The conductor thereupon forcibly expelled him from the train. Plaintiff recovered judgment of $500, and defendant brings error.

1. Defendant contends that the requirement of passengers that they pay an additional sum of 10 cents for failure to purchase tickets where there are stations is a reasonable regulation, within the power of the company to make. Numerous cases have been cited by defendant's counsel in which it has been held that such a regulation, requiring the payment of a small sum in addition to the usual fare in case of failure to purchase a ticket, is a reasonable regulation, which the company has the right to

---

[1] The conductor demanded a fare of 40 cents; while the distance to be traveled was 13.05 miles as claimed by defendant, and 11.53 miles as claimed by plaintiff.

make. *Swan v. Railroad Co.*, 132 Mass. 116; *Du Laurans v. Railway Co.*, 15 Minn. 49; *Reese v. Railroad Co.*, 131 Penn. St. 422. Indeed, there can be little doubt as to the power of the railroad company to make such a discrimination between its passengers when acting under the common law, nor do we see any valid objection to a railroad company's charging an increased sum for passage where fares are collected on the train, provided that the sum collected does not exceed the statutory rate. But it is held, and we think properly, that the company cannot impose, as a penalty for not purchasing a ticket, such a sum that the fare collected on the train, including such additional amount, shall exceed the maximum allowed by law. *Railroad Co. v. Skillman*, 39 Ohio St. 444; *Chase v. Railroad Co.*, 26 N. Y. 523.

2. But it is contended that inasmuch as the plaintiff might have paid his fare, and avoided being expelled from the car, he is entitled to recover no substantial damages. We are cited to various Michigan cases as sustaining this doctrine.[1] But all the cases cited are cases in which the plaintiff had no ticket which, as between himself and the conductor, entitled him to ride upon the car in question, and in which there was no tender of the legal fare made. We think the case of *Hufford v. Railroad Co.*, 53 Mich, 121, 64 Id. 631, fully recognizes the right of the plaintiff to recover substantial damages for being evicted from the car when he either produces a ticket, or stands ready to pay the legal fare. See, also, 19 Amer. & Eng. Enc. Law, 910, and cases cited.

It is suggested that there was testimony tending to show that plaintiff gave his destination as West Bay City, which is a small fraction over 13 miles, the distance being 13.05

---

[1] *Frederick v. Railroad Co.*, 37 Mich. 342; *Hufford v. Railroad Co.*, 53 Id. 118; *Heffron v. Railway Co.*, 92 Id. 406; *Mahoney v. Railway Co.*, 93 Id. 612; *Van Dusan v. Railway Co.*, 97 Id. 439.

miles, and that 40 cents was not in excess of the amount authorized by statute. The language of the statute is, "Such compensation for transporting any passenger * * shall not exceed the following prices," which is fixed by subsequent provision of the section at 3 cents a mile where the earnings of the road do not amount to $2,000 per mile. This language would apparently not permit a charge for a fraction of a mile, unless it was so large a fraction as to make the charge of 1 cent or more not in excess of 3 cents per mile. The statute formerly provided that the price of tickets might, for convenience in making change, be fixed at that multiple of 5 which was nearest the exact amount of fare. But the present statute (Act No. 202, Laws of 1889) contains no such provision.

The judgment will be affirmed, with costs.

MCGRATH, C. J., GRANT and HOOKER, JJ., concurred. LONG, J., did not sit.

