CHAMBERLAIN *v.* LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO.

RAILROAD COMPANIES—LEGAL FARE—EJECTION OF PASSENGER.

One who tenders the legal fare to the conductor of a passenger train, and is ejected because of his refusal to pay the customary fare, which is in excess of the amount legally demandable, may recover the actual damages sustained by reason of his ejection, although he had knowledge of the custom of the company, and had frequently paid the higher rate of fare.

Error to Monroe; Kinne, J. Submitted June 19, 1896. Decided October 6, 1896.

Case by William Y. Chamberlain against the Lake Shore & Michigan Southern Railway Company for the wrongful ejection of plaintiff from one of defendant's trains. From a judgment for plaintiff, defendant brings error. Affirmed.

*C. E. Weaver (George C. Greene* and *O. G. Getzen-Danner,* of counsel), for appellant.

*Willis Baldwin* and *Ira G. Humphrey,* for appellee.

MOORE, J. Plaintiff was returning home from Detroit. He took a train that ran over the Dundee Branch of defendant's road, at Trenton, to go to Flat Rock, a distance of 6.3 miles. The defendant had for many years charged 25 cents fare between those places, and plaintiff had often paid that amount. Believing the company had no right to collect more than 3 cents a mile, plaintiff tendered the conductor 21 cents in payment of his fare. The conductor refused to accept the 21 cents, and demanded 25. This was not paid, and the conductor put the plaintiff off the train. The plaintiff claims it was

a cold, rainy night; that he was obliged to walk home; that he caught cold, which resulted in rheumatism. This claim of the plaintiff was controverted, and testimony was offered tending to show that it was a clear night, and that plaintiff's physical condition was not different after he was put off the train from what it was before. The plaintiff sued the defendant, and recovered a judgment for $400. The defendant appeals.

Testimony was offered by the plaintiff as to the effect upon his health of the exposure to which he was subjected. His neighbors testified in relation to his physical condition both before and after the night in question. This testimony was objected to. There are several assignments of error in relation to its admission and the admission of other testimony. We have examined them all, and do not think any of them well taken.

It is not contended in the brief of counsel that defendant had a right to charge more than three cents a mile. It is the claim of defendant that plaintiff should have paid the extra four cents, and, if he thought the company was not entitled to it, he should have sued the company to recover it back, and that when he failed to do this, and was put off the train, he could recover only nominal damages; citing *Hall* v. *Railroad Co.*, 15 Fed. 57; *Townsend* v. *Railroad Co.*, 56 N. Y. 295 (15 Am. Rep. 419); *Chicago, etc., R. Co.* v. *Griffin*, 68 Ill. 499; *Toledo, etc., R. Co.* v. *Wright*, 68 Ind. 586 (34 Am. Rep. 277); *Pullman Palace Car Co.* v. *Reed*, 75 Ill. 125 (20 Am. Rep. 232); *Frederick* v. *Railroad Co.*, 37 Mich. 342 (26 Am. Rep. 531); *Hufford* v. *Railway Co.*, 53 Mich. 118. An examination of these cases will disclose the fact that they do not sustain the position urged by counsel. They relate to cases where the passenger was seeking to travel without having a ticket indicating his right to passage, and without offering to pay his fare. The case at issue is entirely different from any of them. Here the defendant was exacting an illegal fare,—something it had no right to do. The plaintiff was seeking to

have transportation as a passenger, and was willing to pay the legal fare therefor. Upon the tender of the legal fare he had a right to be carried to his destination. It was the duty of the defendant, under the facts shown by the record, to carry the plaintiff to Flat Rock. Instead of performing its duty, it committed a trespass upon him. We think the case is within *Zagelmeyer* v. *Railroad Co.*, 102 Mich. 214 (47 Am. St. Rep. 514), and cases cited therein.

Judgment is affirmed

The other Justices concurred.