JOHN HEFFRON v. THE DETROIT CITY RAILWAY COMPANY.

*Street railways—Transfer tickets—Limitation as to time for using..*

1. This case is ruled by *Frederick v. Railroad Co.*, 37 Mich. 342, and is much stronger, because here there is no question that the conductor gave plaintiff the right ticket, the same given to others, and which was good, if used according to its terms. and conditions.

2. There is nothing unreasonable in a requirement that a transfer ticket from one route of a street railway to another shall not be honored unless used within 15 minutes after its delivery to the passenger, in the absence of any obligation on the part of the company by charter, ordinance, or contract to make such transfer, and carry the passenger over both routes for a single fare.

3. It is the duty of a passenger receiving such a transfer ticket to read it, and his failure to do so cannot give him any rights against the company which he would not have had had he read it, and thus been advised by the limitation as to the time within which it could be used.

4. If the passenger takes the first car which passes the point of transfer after alighting from the one on which he originally took passage, even though the time within which the ticket is receivable by the conductor by the limitation on its face has. expired, the passenger may have an action against the company for being ejected from the latter car by the conductor on refusing to pay a second fare; but no such state of facts is averred in the declaration in this case.

Error to Wayne. (Reilly, J.) Argued June 14, 1892. Decided July 1, 1892.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*E. S. Grece,* for appellant, contended:

1. The case of *Hufford v. Railroad Co.*, 64 Mich. 631, seems to be parallel to the one at bar.
2. The plaintiff was rightfully on the car, and had a right to pursue his journey to the depot, hence the assault upon him was unlawful, and this action is properly brought; citing *English v. Canal Co.*, 66 N. Y. 454; *Tarbell v. Railway Co.*, 24 Hun, 51; *Railroad Co. v. Rogers*, 38 Ind. 116; *Murdock v. Railroad Co.*, 137 Mass. 293; *Head v. Railway Co.*, 79 Ga. 358; *Railroad Co. v. Heddleston*, 82 Ala. 218; *Railway Co. v. Kessler*, 18 Kan. 523; *Burnham v. Railway Co.*, 63 Me. 298; and especially *Hamilton v. Railroad Co.*, 53 N. Y. 25, the facts of which are similar to those in this case.
3. On the question of reasonable rules, see *Lynch v. Railway Co.*, 90 N. Y. 77, 83; and the mere acceptance of a ticket does not bind a passenger by its terms; citing *Prentice v. Decker*, 49 Barb. 21; *Limburger v. Westcott*, Id. 283.

*Sidney T. Miller (Brennan & Donnelly,* of counsel), for defendant.

MORSE, C. J. The plaintiff sues in trespass on the case, claiming damages on account of his ejection by a conductor from one of defendant's cars.

The declaration, in substance, alleges that, on payment by any passenger of the regular fare, five cents, at any point where the cars are boarded on Woodward avenue, in Detroit, such passenger is entitled to ride on defendant's cars from such point to the Michigan Central depot, and that, on payment of said five cents to the Woodward-avenue conductor, such passenger becomes entitled to a ticket, to show he has paid his fare on the Woodward-avenue line car, and which ticket entitles such passenger to ride on one of defendant's cars on Jefferson

avenue, from said Woodward avenue, along said Jefferson
avenue, to said depot; that the plaintiff, on October 8,
1890, boarded one of defendant's cars on Woodward
avenue, and paid the conductor five cents, and received
from said conductor a ticket, to show that he had paid
his fare on the Woodward-avenue car, and which, pre-
sented to the conductor on the Jefferson-avenue car,
would entitle him to ride to said depot.

" And the plaintiff accordingly rode on defendant's car,
to Woodward avenue, to the intersection of the Jefferson-
avenue line, and a few moments thereafter boarded one
of defendant's cars on said Jefferson avenue, to complete
his journey, and then and there seated himself in said
car to be conveyed to said depot, as aforesaid; yet,
plaintiff avers, notwithstanding he had paid defendant
its legal fare, as aforesaid, on said Woodward avenue,
and had received said ticket and voucher therefor, show-
ing plaintiff had so paid his fare, and was entitled to
ride to said depot, as aforesaid, on defendant's car which
he had taken, and although he duly presented the said
ticket to the conductor of said Jefferson-avenue car,
showing his right to ride thereon to said depot, when
demanded by said conductor, defendant's agent operating
said car, which ticket said conductor then and there
refused to accept or receive as satisfaction of plaintiff's
fare, and as showing his right to ride on said road in
said car, and demanded of plaintiff that he pay another
five cents or get off said car, both of which plaintiff then
and there refused to do, but insisted that he had paid
his fare, and produced his said ticket, and offered the
same to the said conductor of defendant's car, as show-
ing that he had so paid his fare, and was entitled to
ride on said car to said depot; but the said agent of
defendant refused to take said ticket, or acknowledge
the same in any way, but, on the other hand, there and
then made an assault upon plaintiff, in the presence of
several fellow-passengers, and with great force and violence
pushed and pulled plaintiff about, violently pushed and
forced plaintiff from the said car into the public street
and highway, and then and there, in the presence of
said divers passengers and persons on the street, accused
plaintiff of fraudulently attempting to ride on defendant's

car without paying his fare, and unlawfully attempting to obtain a passage on the said car without paying his fare, and of trying to defraud the defendant in so doing."

The proofs show that plaintiff paid his fare as alleged upon the Woodward-avenue car, and asked the conductor for a "change-off" ticket to the Michigan Central depot. This ticket showed upon its face that it was "void unless used on October 8, 1890, as indicated hereon." This indication, marked by the pointing of the index finger of a hand, read as follows:

"This slip will not be honored unless presented at the intersection of *Woodward-avenue line* and line punched in margin, within *fifteen minutes* of time punched, for a continuous trip only.

"S. HENDRIE, Treas."

The plaintiff testifies that he got off of the Woodward-avenue car at the corner of Woodward and Jefferson avenues, and waited 14 minutes, and, no car coming along or being in sight going towards the depot on Jefferson avenue, he then went to the post-office, going there on Jefferson avenue and Griswold street, mailed some letters, and came back, where he again waited for 11 minutes before he got a car. On presenting his ticket the conductor told him it was not good. Plaintiff asked what was the matter of it, and the conductor replied, "Read your ticket." Plaintiff said, "I am not obliged to read it." The conductor replied, "They are good only 15 minutes after they are punched." Plaintiff then said, "I have been waiting a good deal longer than that for your car." The conductor then told him that he must pay the fare or get off the car. Plaintiff refused to pay the fare, and said that he should not get off the car unless he was put off. The conductor then put him off. The plaintiff did not resist, and was not injured physically. He had the money to pay the fare, but did not think he ought

to pay it. He had used these tickets before, but never had read them, and did not read this one before he was ejected from the car.

It will be seen that the proofs did not correspond with the allegations of the declaration, as plaintiff was not given a ticket which entitled him to ride on this car, except within a certain time; and from the declaration it would be inferred that there were no conditions attached to the ticket.

But, under the proofs, if the declaration had made proper averments to correspond therewith, we do not think the plaintiff was entitled to recover. The following section of the ordinance of the city of Detroit was put in evidence:

"Sec. 30. The tracks upon Jefferson avenue, Woodward avenue, Michigan avenue, and Gratiot street shall each be considered and run as one route, and subject its passengers to the payment of a single fare each: *Provided*, however, that all cars running north of Jefferson avenue shall run to and from Jefferson avenue, and that portion of Woodward avenue between Jefferson avenue and the routes intersecting Woodward avenue shall be considered as making a portion of each of said routes respectively."

The defendant company was under no obligation, by contract or ordinance, to take the plaintiff upon the Jefferson-avenue line, from off the Woodward-avenue line, to the Michigan Central depot, for the single fare of five cents, except upon the conditions printed on the face of the ticket; nor is there anything unreasonable in the requirement that the ticket must be used within 15 minutes. The company had the right, under the ordinances of the city, to treat the Jefferson-avenue line as a single road, and to charge five cents fare; but it saw fit to make a continuous fare of five cents from any point on the Woodward-avenue line to the Michigan

Central depot, if the transfer was made in 15 minutes from one line to the other. In this case half an hour, at least, had elapsed. If no car had passed within that time, and the car from which plaintiff was ejected was the first one to pass after plaintiff had alighted from the Woodward-avenue car, the plaintiff may, under a proper declaration, have an action against defendant; but no such state of facts was averred in the declaration in this case. It was the duty of the plaintiff to read the ticket. His failure to read it cannot give him any rights against the defendant which he would not have had had he read it. And it was also the duty of the conductor not to receive this ticket, and to require the payment of five cents fare, and neither he nor the company could be made liable for putting plaintiff off the car in the manner he was ejected, without physical hurt or damage.

The case is ruled by *Frederick v. Railroad Co.*, 37 Mich. 342. This case is much stronger than that, because here there is no question but the conductor gave plaintiff the right ticket, the same ticket given to all others, and which was good, if used according to its terms and conditions.

The case of *Hufford v. Railroad Co.*, 64 Mich. 631, is distinguishable in this: There the ticket was one purporting, on its face, to cover the distance to be traveled by Hufford. He paid the usual fare between the two places, and the ticket contained no printed exceptions or conditions restricting Hufford from using it at the time he presented it to the conductor. Its infirmity, if any, was not open to Hufford's plain observation, so that he was informed on its face that it was not good. There were punch marks upon it, but he did not know the significance of them. He asked the station agent about it, who told him the ticket was good. It was sold to him by the company's agent for a good ticket, and it

was therefore held to be a good ticket. But there were no such representations to plaintiff in this case. He asked for a "change off" ticket; he received one, which plainly informed him, upon its face, that it must be used within a certain time or it would be void.

As long as the defendant had made no contract with the plaintiff to carry him, without exception or conditions, on both lines to the depot for a single fare of five cents, while it had not held out to the public that it would do so, and when it was not obligated so to do by its own charter or the ordinances of the city of Detroit, there was no legal reason why it could not make the regulation that it would carry passengers to the depot on both lines, for a single fare of five cents, provided the transfer ticket was used within 15 minutes after it was punched on the Woodward-avenue line; and, there being no legal reason why this restriction should not be made, the passenger who accepts the ticket must abide by its terms.

The judgment is affirmed, with costs.

The other Justices concurred.