97    439
s56NW 848
s37ASR354n
130   487n
97    439
134   1593

MENZIES E. VAN DUSAN, BY HIS NEXT FRIEND, v. THE GRAND TRUNK RAILWAY COMPANY OF CANADA.

*Railroad companies—Ejection of passenger—Failure to produce ticket—Damages.*

1. The rule requiring the production of a ticket as evidence of the right of a passenger to ride upon a railroad train is reasonable, and one with which the traveling public is familiar.

2. Plaintiff purchased a ticket entitling him to transportation over defendant's road from Detroit, *via* Port Huron, to Trenton, Canada, and return. The conductor of the Detroit and Port Huron division took up the going portion of the ticket, but failed to give plaintiff a check as evidence of his right to ride from Port Huron to Trenton, as required by the rules of the company. Plaintiff refused to pay his fare over the Port Huron and Trenton division. The conductor refused to recognize the return coupon as evidence of such payment, and ejected plaintiff from the train without unnecessary force, and plaintiff sued defendant in case for such ejection. And it is held that it was the duty of plaintiff to leave the train peaceably or pay his fare, and seek his remedy for damages resulting from either necessity as the situation at the time

required; and that a recovery was properly limited to the value of the ticket of which he had been wrongfully deprived by the first conductor, it appearing that plaintiff had the money with which to pay his fare, and afterwards paid it, and completed his journey by a later train.

Error to Wayne.    (Hosmer, J.)    Argued October 12, 1893.   Decided November 10, 1893.

Case.   Plaintiff brings error.   Affirmed.   The facts are stated in the opinion.

*Charles W. Casgrain*, for appellant, contended:

1. Plaintiff had a valid ticket, and by virtue of it he was on defendant's train, and, having surrendered it upon the demand of defendant, he had a right to remain upon the train and to refuse to leave it.   The cases decided by this Court fully recognize this right; citing the cases referred to in the opinion, and also *Railway Co. v. Hennigh*, 39 Ind. 509; *Railroad & Banking Co. v. Eskew*, 86 Ga. 641; *Murdock v. Railroad Co.*, 137 Mass. 293; *Pennsylvania Co. v. Bray*, 125 Ind. 229; *Railroad Co. v. Riley*, 68 Miss. 765; *Carsten v. Railroad Co.*, 44 Minn. 454; *Railway Co. v. Howerton*, 127 Ind. 236.

2. Plaintiff is entitled to compensation for any actual injury that was done in ejecting him, including damages for shame, mortification, sense of disgrace, as well as for personal inconvenience resulting from his unlawful ejection; citing *Hamilton v. Railroad Co.*, 53 N. Y. 25; *Railway Co. v. Fix*, 88 Ind. 381; *Railroad Co. v. Holdridge*, 118 Id. 281; *Rouse v. Railway Co.*, 41 Mo. App. 298; *Carsten v. Railroad Co.*, 44 Minn. 454; *Railroad Co. v. Gants*, 38 Kan. 608.

3. The rules and regulations of defendant which required the conductor to eject plaintiff unless he again paid his fare, when he had in his possession the return portion of his ticket, which of itself would be sufficient to satisfy any reasonable man who was familiar with the customs of railroads that he had paid his fare, and where, as appears from the testimony in this case, the conductor believed the statements of the plaintiff that he had paid his fare, and that he could not have had the return portion of the ticket in his possession without having so

paid, are unreasonable in the extreme; citing *Day v. Owen*, 5 Mich. 520.

*E. W. Meddaugh* and *L. C. Stanley*, for defendant.

MONTGOMERY, J.   The plaintiff purchased a ticket over the defendant's road from Detroit to Trenton, Canada, and return.   This ticket consisted of two parts, each complete in itself,—a coupon or ticket from Detroit to Trenton, and a return ticket from Trenton to Detroit.   The custom of the company was for the conductor of the train running from Detroit to Port Huron to take up the going portion of the ticket, and give the passenger a check to be used between Port Huron and Trenton as evidence of his right to ride.   On reaching Port Huron the plaintiff changed cars, and boarded the regular train from Port Huron to Trenton.   On being asked for his ticket by the conductor of this train, it was discovered that he had no check entitling him to ride from Port Huron to Trenton, the only ticket in his possession being the return ticket from Trenton to Detroit.   The plaintiff stated that the ticket from Detroit to Trenton had been taken up by the former conductor in charge of the train from Detroit to Port Huron, and no check had been given him.   The conductor of the Trenton train stated to the plaintiff that he must have a ticket for the distance covered by his route or the fare in money, and, on the plaintiff's refusal to pay his fare, he was ejected from the train.   No unnecessary force was used. The plaintiff brought this action on the case, and was limited to a recovery of the value of his ticket of which he had been wrongfully deprived by the first conductor.

In this there was no error.   The plaintiff, on discovering that the ticket which he had received from the company's agent had been wrongfully taken up by the first conductor without furnishing him the requisite evidence of his right to ride from Port Huron to Trenton, had no

right to insist upon riding upon the Trenton train with-
out producing any evidence of his right.    To hold other-
wise would be to incite 'unseemly contests.    The rule
requiring the production of a ticket as evidence of the
right to ride is reasonable, and is one with which it must
be assumed the traveling public is familiar.    In the present
case the failure of the former conductor to furnish plaint-
iff a check was evidently a mistake, and the plaintiff,
without discovering the mistake, had taken his seat in the
train from Port Huron to Trenton, he at the time not
possessing any evidence of his right to ride.    Upon dis-
covering this mistake, his remedy was not by insisting
upon a further breach of duty or of the rules of the com-
pany by the conductor in charge of the Trenton train.
On the contrary, it was his duty to leave the train peace-
ably or pay his fare, and to seek his remedy for damages
resulting from either necessity as the situation at the time
required.    But the evidence shows that he had the money
with which to pay his fare, and did so, and proceeded by
a later train, after being ejected.    As he was not entitled
to ride upon the train in question, it is apparent that the
damages which he suffered by the fault of the first con-
ductor are covered by a recovery of the amount of fare
which he was compelled by his fault to pay.    The ruling
of the trial judge, in accordance with the views herein
expressed, is fully sustained by the former rulings of
this Court: *Frederick v. Railroad Co.*, 37 Mich. 342;
*Mahoney v. Railway Co.*, 93 Id. 612; *Thomas v. Railway
Co.*, 72 Id. 355; *Heffron v. Railway Co.*, 92 Id. 406.

The case is not one where the ticket on its face was
apparently good, and where it was so understood by the
passenger, as was the case in *Hufford v. Railway Co.*, 53
Mich. 121, 64 Id. 631.    On the contrary, in the present
case no ticket was produced between Port Huron and
Trenton.    It was argued that, as the plaintiff had the

return coupon, the conductor should have accepted his statement that the original ticket had been taken up; but, apart from the fact that this is not the evidence required by the rules of the company, it is apparent that the evidence afforded by the possession of the coupon would not be conclusive. For aught that then appeared to the conductor, another passenger on the same train may have used the check between these two points before the return coupon was presented to him.

The judgment will be affirmed, with costs.

HOOKER, C. J., LONG and GRANT, JJ., concurred. McGRATH, J., did not sit.