GEORGE ROUSER v. THE NORTH PARK STREET RAILWAY COMPANY.

*Carriers—Ejection of passenger—Fragment of ticket.*

A passenger, on paying the required fare, was entitled to transportation over the lines of two street railway companies. For the purposes of this traffic, a ticket of a peculiar color and print was used, consisting of two parts, separated by a perforated line. The lower part contained the evidence of the passenger's right to ride over the road of the company to which the fare was paid, and it was the duty of its conductor to deliver to the passenger the upper part of the ticket, which contained the evidence of his right to ride over the other road. By mistake, the conductor so separated the parts as to leave a portion of the upper part upon the lower part of the ticket, and delivered the remainder of the upper part of the ticket to the passenger. The conductor on the other road refused to accept this fragment, and, on the refusal of the passenger to pay his fare, ejected him from the car. And it is held, as a matter of law, that the conductor was bound to know that the fragment was a portion of a genuine ticket used upon his line, which, if whole, would have entitled the passenger to a ride over said line.[1]

---

[1] See *Van Dusan v. Railway Co.*, 97 Mich. 439.

Error to Kent. (Adsit, J.) Argued November 2, 1893. Decided November 24, 1893.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*More & Wilson,* for appellant.
*Henry J. Felker,* for plaintiff.

HOOKER, C. J. The defendant is a street-railway company in Grand Rapids. On July 16, 1890, the plaintiff and a companion boarded a car upon the Valley City Street & Cable Railway Company's road, and each paid the conductor seven cents fare, which, under existing contracts between such railway company and the defendant, entitled them to a continuous ride over both lines. The conductor took two coupon tickets, hereinafter described, and, putting them together, tore them in two, keeping the lower portions, and handing the upper parts to the passengers. In tearing these tickets, through carelessness, the conductor took, not only the coupon belonging to his road, but with it about one-third of the upper coupon, which constituted the only evidence of plaintiff's right to ride over the defendant's road. The conductor of the defendant refused to accept these mutilated coupons, and required the plaintiff to get off from the car, which he did, although he had money, and might have paid his fare had he been so disposed. He recovered a judgment of $25 in justice's court, and $1 in the circuit, where the case was tried upon appeal. The defendant now brings the case to this Court.

The record contains a sample of the ticket, as printed; also, the mutilated coupon in question. The complete ticket consisted of two coupons printed upon a single sheet, and separated by a perforated line, each coupon designed to be taken by the conductor of the proper road. The upper

coupon was designed for use upon the defendant's road. The ticket was a token, merely, rather than a contract. Each coupon had the following printed upon it, viz.:

"V. C. St. & C. Ry. Co.
"A. J. Bowne, Prest."

Upon the lower were the words: "City Hall to North Park Railway Depot." Upon the upper were the words: "North Park Railway Depot to North Park." This last was torn off by the conductor of the cable road, and it is maintained by defendant's counsel that the ticket contained nothing to apprise the conductor upon defendant's road of the right of the plaintiff to ride.

These tickets were good for a ride the whole length of defendant's line, and from the city hall to the North Park depot on the cable company's line. They were not used for any other purpose. They were of peculiar color and print, and susceptible of easy recognition. A conductor should have no difficulty in identifying a fragment as a portion of such ticket, with the office and use of which he must be supposed to be familiar. After inspecting the tickets, we have no hesitation in saying, as matter of law, that the conductor was bound to know that the fragment was a portion of a genuine ticket used upon his line, which, if whole, would have entitled the plaintiff to a ride. It was evidence that some one had paid a fare. It is said that the conductor was not obliged to take this, because it was mutilated; that it did not show the destination; and that to require it would subject the defendant to the danger of having fractions of tickets used fraudulently. We think, however, that, when the plaintiff presented the upper half of his coupon, there was no reason for the belief that the other part had been or could be used illegally. The tearing of these tickets was an every-day occurrence, and we may properly assume that mutilations were not uncommon. When the upper portion of the coupon was produced by a

passenger, the natural inference would be that the mutilation was the result of carelessness. The absence of the upper half would be a different matter, and cóuld be accounted for in no such way. Nor is there any reason to apprehend the danger feared by counsel that more than one ride could be obtained upon one ticket. Without attempting to lay down a rule upon the subject that shall cover all cases, we have no hesitancy in saying that the fragment in question was such as to make its reception safe and prudent. The lower portion, or a fragment from an end, if presented, would stand upon a different footing. Neither could there be any uncertainty about the destination, as such tickets covered the whole length of the road, between the points named.

Upon the undisputed facts, the plaintiff was entitled to a verdict, and, as the court might properly have so instructed the jury, the other points raised become unimportant.

Judgment affirmed.

McGRATH, LONG, and GRANT, JJ., concurred. MONTGOMERY, J., concurred in the result.