VINING *v.* DETROIT, YPSILANTI & ANN ARBOR RAILWAY.

STREET RAILWAYS—COUPON TICKETS—RIGHTS OF PASSENGER.
> Where a coupon ticket was issued to plaintiff for carriage
> between A. and C., through the intermediate point B., over
> defendant's line from a point east of B. to C. and over a con-
> necting line from A. to such point, and the conductor on
> the connecting line detached by mistake the coupon "B. to
> C.," leaving plaintiff the "A. to B." coupon to present to de-
> fendant's conductor for passage to C., the conductor was
> bound to honor the ticket for carriage as far as B., and his
> attempt forcibly to eject plaintiff before the car reached B.
> was an assault, for which defendant was liable.

Error to Wayne; Carpenter, J. Submitted October 24,
1899. Decided December 12, 1899.

Case by Edward M. Vining against the Detroit, Ypsi-
lanti & Ann Arbor Railway for an assault by defendant's
conductor. From a judgment for plaintiff, defendant
brings error. Affirmed.

*J. Emmet Sullivan*, for appellant.

*Rice & Meeker*, for appellee.

HOOKER, J.   The Detroit Citizens' Street-Railway line
extends to a place called "Addison's Switch," which is a
half-mile or thereabouts east of the place where the de-
fendant's road is crossed by the Flint & Pere Marquette
Railway.   The Detroit, Ypsilanti & Ann Arbor Railway
(defendant's road) extends from Addison's Switch to
Ann Arbor, passing through the village of Wayne.
These two street-railway companies had a running ar-
rangement under which the cars of the latter road ran
over the track of the former to the city hall in Detroit,
coupon tickets being sold.   The conductor of the Citizens'
Company took charge of the car between the F. & P. M.

crossing and city hall, while the defendant's conductor had charge west of the F. & P. M. crossing. Thus each conductor took up tickets for his own road. The plaintiff took the car at the city hall. His ticket consisted of two coupons. One, headed "Detroit, Ypsilanti & Ann Arbor Railway," said, "Good for one fare between Wayne and F. & P. M. crossing;" the other, headed "Detroit Citizens' Street Railway," said, "Good for one fare between F. & P. M. crossing and city hall." The ticket was purchased at Wayne, and was a double ticket, one-half of it having been used by the plaintiff in going to the city. On his return he handed his ticket to the conductor of the Citizens' Company, who took off the wrong coupon, viz., the portion over the defendant's road. At Addison's Switch the defendant's conductor took charge of the car, and the conductor of the Citizens' Company left .it. Plaintiff handed defendant's conductor the remaining coupon, and was told that it was not good. Plaintiff replied that the other conductor had made a mistake, but was told that he would have to get off or pay his fare. He refused to pay his fare or get off, and told the conductor he would have to put him off. The conductor took him from his seat, and then he paid the fare under protest. The plaintiff and one of his witnesses testified that he was taken from his seat before the car reached the F. & P. M. crossing. The conductor and motorman say that this was done when the car stopped for that crossing, and upon the F. & P. M. right of way, where they were in the habit of stopping before crossing that road. That, in a sense, was east of the F. & P. M. crossing; but, as said by the learned circuit judge, that was as far as the plaintiff was entitled to ride upon that ticket. But, as the plaintiff testified that the car stopped again east of the F. & P. M. crossing, it was for the jury to decide who was right, and we cannot say that the testimony conclusively showed that the assault was not committed before reaching the usual stopping place at the F. & P. M. crossing.

Error is assigned upon the introduction of Exhibit C,

which was an ordinance of the village of Wayne fixing rates of fare. As the case turned, it does not seem to have been important, and we are not able to see that the defendant was injured by it. We see no reason for thinking that it confused or misled the jury, and, if counsel for the plaintiff based an improper argument upon it, our attention is not called to it.

There is no force in the proposition that the plaintiff had not paid his fare to the F. & P. M. crossing. If he had not given the conductor of the Citizens' Company the right ticket, he had it still in his possession, and his delivery of it to the defendant's conductor was sufficient to protect him from ejection before reaching the F. & P. M. crossing. This case differs from *Mahoney* v. *Railway Co.*, 93 Mich. 612 (18 L. R. A. 335, 32 Am. St. Rep. 528). In that case the plaintiff had no evidence of his right to ride on the car. In this case he had evidence of his right to ride to the F. & P. M. crossing. The conductor testified that it is usual to stop the car before crossing, and not upon the track, and the court told the jury that plaintiff had a right to ride to that point. We think the defendant has no reason to complain of this, and that it was equivalent to giving defendant's fifth request.

The judgment is affirmed.

The other Justices concurred.