127    333
s86ᴺᵂ 827
|130    487n|

McWETHY v. DETROIT, GRAND RAPIDS & WESTERN RAILROAD CO.

CARRIERS—TICKETS—CONDITIONS—BREACH OF CONTRACT—ASSUMPTION OF RISK BY PASSENGER.

Plaintiff purchased of defendant's agent a ticket for transportation to a point beyond defendant's line of road.    The agent represented that the ticket included a berth on a connecting boat; and the words on the ticket, "berth and meals extra," were stricken out in red ink.    The purser refused to give plaintiff a berth without extra pay, whereupon, though having with her the sum demanded for a berth, she lay all night on a couch in the cabin.    She afterwards sued in case, claiming to have contracted an illness from the exposure, due in part to the fact that the cabin door stood open during the night. *Held*, that she assumed the risk of occupying the couch, and could not recover.

*Held*, further:

(1) That, if her ticket entitled her to a berth, the wrong in refusing it was not the wrong of defendant.

(2) That she was chargeable with notice of the conditions printed on her ticket, to the effect that defendant acted merely as agent in selling it, and was not responsible beyond its own line, and that no liability should arise by reason of any statement by any employé not in accordance with the contract.

Error to Wayne; Waite, J.    Submitted April 18, 1901. Decided July 2, 1901.

Case by Emily McWethy against the Detroit, Grand Rapids & Western Railroad Company for injuries sus-

tained by reason of defendant's failure to supply her with a proper ticket. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Baker & Clark*, for appellant.

*Frederick W. Stevens* ( *Charles McPherson*, of counsel), for appellee:

Relied on *VanDusan* v. *Railway Co.*, 97 Mich. 439 ( 56 N. W. 848, 37 Am. St. Rep. 354 ), and the cases there cited.

HOOKER, J. The plaintiff's husband purchased round-trip tickets for the plaintiff and their son from Detroit to Chicago. It seems to bo conceded that these tickets were purchased from an agent of the defendant. The ticket consisted of several coupons, and provided for a continuous passage over several railway lines and by steamboat. The husband testified that tho agent represented to him that these tickets entitled passengers to berths on the steamer, and that he looked tho ticket over, and did not remember of seeing any red-ink marks upon it. The plaintiff testified that the tickets called for berths, but, on presenting them to the purser and asking for berths, he told her sho would have to pay extra for them, whereupon she decided to take no berth, and lay on a couch in the cabin all night, both going and coming. The purser tore off her berth tickets, and kept them. The plaintiff offered in evidenco a copy of the ticket sold to her husband for plaintiff's use. It was as follows:

"DETROIT, LANSING & NORTHERN RAILROAD.

"EXCURSION TICKET.

"Good for one first-class passage, station stamped on back to Chicago, Illinois, and return, when officially dated, stamped on back hereof, and presented with coupons attached.

"Subject to the following conditions: In consideration of the reduced rate at which this ticket is sold, the purchaser agrees to and with the several companies over

whose lines this ticket entitles him to be carried, as follows, to wit: (*First*) That in selling this ticket and checking baggage hereon this company acts as agent, and is not responsible beyond its own line. (*Second*) That any alteration whatever of this ticket renders it void; that the coupons belonging to it will not be received for passage if detached. (*Third*) That for the going journey it is good for continuous passage only, and not later than following date of sale as stamped on back hereof. (*Fourth*) That it will be valid only for continuous passage returning, and not later than October 8th, 1898. (*Fifth*) That baggage liability is limited to wearing apparel, not exceeding $100 in value. (*Sixth*) That the purchaser will not hold any of the lines named in this ticket liable for damages on account of any statement not in accordance with this contract, made by any employé of said lines. (*Seventh*) That it is especially agreed and understood by the purchaser that no agent or employé of any of the lines named in this ticket has any power to alter, modify, or waive in any manner any of the conditions named in this contract. (*Eighth*) That, unless all the conditions of this ticket are fully complied with, it shall be void, and the conductor of either companies over which this ticket reads may, upon its presentation, take it up, and collect full fare.

"George De Haven,
"General Passenger Agent.

"Detroit, Lansing & Northern Railroad. 276.

"Detroit, Lansing & Northern Railroad. Grand Rapids to station stamped on back, on conditions named in contract.

"* Punch star. 2654 x. First-class. This check not good if detached. [And on the margin marked:] Destination: Chicago and return.

"Detroit, Lansing & Northern Railroad. 181.

"Chicago & West Michigan Railway. Holland or Ottawa Beach to Grand Rapids, on conditions named in contract.

"* Punch star. 2654 x. First-class. This check not good if detached. [On margin:] Destination: Chicago and return. 10. 11.

"Detroit, Lansing & Northern Railroad.

"Holland & Chicago Transportation Company. Chicago to Holland or Ottawa Beach. Berth and meals extra

[stricken out in red ink]. On conditions named in con-- tract. 2654 x. First-class. This check not good if de- tached. [On margin:] Chicago and return.

"Detroit, Lansing & Northern Railroad.

"Holland & Chicago Transportation Company. Hol- land or Ottawa Beach to Chicago. Berth and meals extra [stricken out in red ink]. On conditions named in contract. 2654 x. First-class. This check not good if detached. [On margin:] Chicago and return.

"Detroit, Lansing & Northern Railroad. 181.

"Chicago & West Michigan Railway. Grand Rapids to Holland or Ottawa Beach, on conditions named in con- tract.

"* Punch star. 2654 x. First-class. This check not good if detached. [On margin:] Destination: Chicago and return.

"Detroit, Lansing & Northern Railroad. 276.

"Detroit, Lansing & Northern Railroad. Station stamped on back to Grand Rapids, on conditions named in contract.

"* Punch star. 2654 x. First-class. This check not good if detached. [On margin:] Destination: Chi- cago and return."

[Under each one of these is "D., L. & N., C. & W. M., Tr., H. & C. T. Co."]

"Detroit, Lansing & Northern Railroad.

"Omnibus transfer. C. & W. M. Ry. station (Holland) to H. & C. T. Co.'s dock (Holland), on conditions named in contract. 2654 x. First-class. This check not good if detached. [On margin:] Destination: Chicago and return.

"Detroit, Lansing & Northern Railroad.

"Omnibus transfer. H. & C. T. Co.'s dock (Holland) to C. & W. M. Ry. station (Holland), on conditions named in contract. 2654 x. First-class. This check not good if detached. [On margin:] Destination: Chi- cago and return."

[On the back of each of the coupons is marked: "De- troit A."]

Testimony was introduced tending to show that the plaintiff suffered from cold owing to want of covering, and the fact that the cabin door stood open during a cold and

stormy night, and that she suffered from rheumatism and other illness in consequence thereof. It was shown that she had money enough to have paid for her berth, but expected to put it to other uses. She was going to visit her sister for about three weeks. The court directed a verdict for the defendant, holding that she did not use ordinary care to protect herself by trying to avoid drafts or shut the door, or by paying the cost of a berth, and afterwards asking to be repaid if she was entitled to it.

We think the court might have added that if, as the witness testified, her ticket entitled her to berths, and the purser refused them to her, the wrong was not that of this defendant, who sold the ticket. Moreover, the ticket shows upon its face that it was sold at a reduced fare, upon conditions printed thereon, that the defendant acted merely as agent, and was not responsible beyond its own line, and that the purchaser should not hold any of the lines named liable for damages on account of any statement not in accordance with this contract, made by any employé of said lines. There was ample opportunity for the plaintiff and her husband to read and understand these conditions before she started on her trip. She saw fit to take the risk of occupying the couch, rather than to pay the small sum demanded for a berth, and should be held to have accepted the risk

The judgment is affirmed.

Moore, Long, and Grant, JJ., concurred. Montgomery, C. J., did not sit.