BROWN v. RAPID RAILWAY CO.[1]

RAILROADS—EJECTING PASSENGER—DAMAGES.

A railroad sold to plaintiff a ticket with eight coupons, four for the outward trip, and four for the return.   On the outward trip, the first two conductors tore off returning coupons.   The third conductor tore off the first two going coupons, and returned them to plaintiff, informing him of the

[1] Rehearing denied June 24, 1902.

mistake and told him the portions returned would be accepted by succeeding conductors. On the return, the conductor would not honor these coupons, and, on plaintiff's refusal to pay, put him off the car in such a manner that he sustained personal injuries. Plaintiff took the next car, and paid his fare. *Held*, that plaintiff could recover the extra fare paid, but no damages for being ejected from the car.

Error to Wayne; Donovan, J. Submitted April 11, 1902. (Docket No. 83.) Decided May 8, 1902.

Case by Samuel J. Brown against the Rapid Railway Company to recover damages for his expulsion from defendant's car. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Bacon & Yerkes*, for appellant.

*L. S. Trowbridge, Jr.*, for appellee.

HOOKER, C. J. The plaintiff has sued for damages arising upon his expulsion from a car by defendant's conductor. He purchased three tickets on the afternoon of May 5, at defendant's ticket office in Detroit, for passage to Marine City and return. Each ticket consisted of eight coupons. Four of these coupons, colored respectively white, pink, yellow, and blue, were the "going portions of the ticket" between the stations in the following order: Michigan Central Railroad Depot, Junction Line, Chesterfield, Broad Bridges, and Marine City. Four coupons, colored respectively blue, yellow, pink, and white, were for the return trip in inverse order. Each coupon contained the names of the stations between which it was good, and the words, "Detroit to Marine City, and Return," and, "Void if Detached from Signature Coupon." Plaintiff, with his wife and daughter, entered defendant's car at the Michigan Central Depot. He handed the three tickets to the conductor within the city limits, and he tore from each a portion, and kept the same. Defendant's conductor in charge of the car between Junction Line and

Chesterfield tore off and kept another portion of each.    At Chesterfield defendant's conductor Jones took charge of the car, and, on being shown the tickets, told plaintiff that the previous conductors had made a mistake, and had taken coupons from the wrong end of the tickets, and then for the first time the plaintiff discovered that the last two returning coupons had been detached from each of the tickets.    Jones then tore off from each ticket the first two going coupons, and handed them to the plaintiff, and then took the third going coupon, leaving the remainder with plaintiff.    Plaintiff asked if he could use the detached portions, and was told that they would be accepted by succeeding conductors.    On their return the defendant's conductor Gordon refused to honor these coupons, and, notwithstanding plaintiff's explanation, and offer to corroborate his statement by other passengers, on his refusal to pay another fare, expelled the passengers from the car at New Baltimore, and plaintiff and family took the next car an hour later, paying $1.20 fare, after offering the coupons to the conductor, who refused to accept them after learning of Gordon's action.    Testimony was offered to show that the plaintiff had been sick, and suffered a relapse, being confined to his bed for four or five weeks thereafter.    The plaintiff recovered a judgment for $500 in justice's court, and defendant appealed to the circuit, where a verdict was directed for the defendant, and the plaintiff has taken a writ of error.

The evidence shows conclusively that the defendant's conductor detached the wrong coupons from the tickets in the first instance.    The next conductor, Jones, had no means of taking his fare but to take off the coupons preceding the one covering his own section of the road. These he returned to the plaintiff, but it was obvious to the plaintiff that he was left without transportation for his return, and it is equally plain that, notwithstanding that fact, he insisted on being carried by a conductor who had no personal knowledge of the circumstances, without the surrender of appropriate tickets, or any other payment

that he was authorized to receive, or that the plaintiff had a right to insist that he should receive. It seems to be conceded that the trouble was the result of the mistake of defendant's first conductor. The most serious inconvenience that the plaintiff need have suffered was to pay 40 cents for his return fare, present his tickets, with proof of the circumstances, and get his money refunded. He was not content to do this. Rather than lose 40 cents, or be to the trouble of asking that it be refunded, he preferred to refuse to recognize the reasonable rule of the company. He refused to leave the car, notwithstanding the suggestion of the conductor that he pay his fare, and have it refunded later, and allowed the conductor to drag him through the car, and actually made him lift him off. The other members of his family appear to have used better judgment, and left the car when required to do so.

We have several cases that hold that, under such circumstances as these, the conductor does not commit a wrong by ejecting from his train one who has no ticket, and refuses to pay, and that it would be absurd to hold that the conductor must take his passenger's word regarding his failure to have an appropriate ticket, or take the evidence of fellow passengers, and determine the matter at his peril, or that of the company. These two coupons which the plaintiff had were the first that should have been detached. Had he succeeded in riding over the first two sections without detection by the conductor, and detached them himself, he could have made the same claim, or sold them to another for second use. The law permits these companies to make reasonable rules for their protection, and the plaintiff has no cause of action arising out of his ejection from the car, as the learned circuit judge properly held. It is unnecessary to append a list of our own cases upon the subject. They are cited in the briefs of counsel.[1]

---

[1] Viz.: *Frederick* v. *Railroad Co.*, 37 Mich. 342 (26 Am. Rep. 531); *Hufford* v. *Railway Co.*, 53 Mich. 118 (18 N. W. 580); *Thomas* v. *Railway Co.*, 72 Mich. 355 (40 N. W. 463); *Heffron* v. *Railway Co.*, 92 Mich. 406 (52 N. W. 802, 16 L. R. A. 345, 31 Am. St. Rep. 601);

Under the proofs this plaintiff paid 40 cents by reason of the inadvertence of the conductor. Under this declaration he had a right to recover that amount, but he had no right to expect a verdict of $500. We cannot agree with the defendant's contention that the declaration counts only on the expulsion of the plaintiff. The action is not trespass, but case, and the declaration alleges the contract and its breach, as well as the expulsion in aggravation of it. We are therefore constrained to reverse the judgment, and order a new trial, but it will be without costs to either party.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.

*Mahoney* v. *Railway Co.,* 93 Mich. 612 (53 N. W. 793, 18 L. R. A. 335, 32 Am. St. Rep. 528); *Van Dusan* v. *Railway Co.,* 97 Mich. 439 (56 N. W. 848, 37 Am. St. Rep. 354); *Keen* v. *Railway Co.,* 123 Mich. 247 (81 N. W. 1084); *McWethy* v. *Railroad Co.,* 127 Mich. 333 (86 N. W. 827). Plaintiff's counsel, to the contrary: *Hufford* v. *Railroad Co.,* 64 Mich. 631 (31 N. W. 544, 8 Am. St. Rep. 859); *Rouser* v. *Railway Co.,* 97 Mich. 565 (56 N. W. 937); *Vining* v. *Railway,* 122 Mich. 248 (80 N. W. 1080).