## PIERSON *v.* ILLINOIS CENTRAL RAILROAD CO.

1. EVIDENCE—ADMISSIBILITY—CONCLUSION OF WITNESS.
   In an action against a carrier for wrongful ejection of plaintiff from defendant's passenger train, a statement by plaintiff, after testifying that as he was sitting in his seat he was seized by the conductor, who proceeded to drag him out, "I was in no position to meet any such assault, for that reason I resisted as long as I could," is not objectionable as a conclusion.

2. TRIAL—RECEPTION OF EVIDENCE—STRIKING OUT— PREJUDICE— NECESSITY OF REQUESTS FOR INSTRUCTIONS.
   The receipt, over objection and exception, of immaterial evidence, which is stricken out as soon as its immateriality develops, is not erroneous where no request is made for an instruction upon the matter.

3. EVIDENCE—EXPERTS—EXCLUSION—HARMLESS ERROR.
   The exclusion of proper questions propounded to an expert witness is not prejudicial where the inquiry is pursued in another form of questions and the information secured.

4. SAVING QUESTIONS FOR REVIEW — ARGUMENTS OF COUNSEL — NECESSITY OF OBJECTION AND RULING.
   Assignments of error based upon the argument of counsel will not be reviewed where the record does not show that objection was made at the time and ruled upon by the court.

5. CARRIERS—PASSENGERS—EJECTION—DAMAGES.

 Where a passenger, presenting a ticket requiring him to identify himself as the purchaser upon request, and providing that any claim for damages in consequence of a bona fide mistake of a conductor in rejecting proofs of identity shall be limited to the price paid for the ticket, is wrongfully ejected by a conductor not acting in good faith, he is entitled to substantial damages, and is not limited in his recovery to the price paid for the ticket.

6. SAME—INSTRUCTIONS—ISSUES.

 In an action against a carrier for wrongful ejection of a passenger presenting a ticket requiring him to identify himself as its purchaser on request, it appeared that plaintiff's physical description in the ticket was incorrect, but the declaration did not count on the misdescription, the action being based upon an unreasonable enforcement of the reasonable regulation requiring identification. *Held,* that instructions that, "If there was any mistake in the description of plaintiff on the ticket, it was a mistake for which defendant was liable," and "Defendant cannot limit its liability for the negligence of itself or its agents by any contract contained in the ticket purchased by plaintiff, upon which he was seeking transportation," condemned defendant for negligence not declared upon and furnished ground for a verdict against it whether the regulation was reasonably enforced or not, and were prejudicial. MCALVAY, C. J., and MOORE, J., dissenting.

Error to Calhoun; Hopkins, J. Submitted June 6, 1906. (Docket No. 20.) Decided July 13, 1907.

Case by John A. Pierson against the Illinois Central Railroad Company for a wrongful ejection from defendant's train. There was judgment for plaintiff, and defendant brings error. Reversed.

*Williams & Beck,* for appellant.

*Hatch & Anderson,* for appellee.

MCALVAY, C. J. Plaintiff recovered a judgment in an action of trespass on the case against defendant, for damages resulting from being forcibly ejected, by the conductor, from a train of defendant upon which plaintiff was

riding as a passenger, between Omaha and Chicago, near Council Bluffs, Iowa. Suit was begun by attachment in the circuit court for Calhoun county, and jurisdiction obtained by the seizure of certain cars of defendant, a foreign corporation.

Plaintiff, on December 12, 1903, purchased and paid for a ticket at Seattle, Wash., at the office of the Oregon Railroad & Navigation Company, from Seattle to Chicago and return, and at the time of purchase signed his name upon the ticket. On the same day he began his journey and traveled on said ticket until he reached Omaha, on December 22d. At the last-named place he took the train of defendant company for Chicago. Before reaching Council Bluffs the conductor on defendant's train took plaintiff's ticket, punched two holes in it, and returned it to him. Either then, or soon after, when the conductor returned, plaintiff's identity with the description on the ticket was questioned by him and fare was demanded. There was a sharp dispute between these two persons as to this fact and as to what actually occurred; plaintiff claiming that he was the person who bought the ticket, and that he offered to identify himself, and the conductor claiming that he refused to identify himself, or to pay his fare. Plaintiff was ejected from the train, and during the altercation he struck the conductor a blow with his fist on the forehead. When on the depot platform after he was put off, some conversation occurred between plaintiff, the conductor, and the trainmaster, who was present. Plaintiff then re-entered the car and paid the fare, taking the conductor's receipt therefor. Plaintiff was about 60 years old, and engaged in the business of establishing agencies for burglar alarm clocks. He traveled on the average 18,000 to 20,000 miles a year, and had crossed the continent 12 times on round-trip tickets. The ticket in question was retained by him and produced in evidence. It was a tourist's excursion ticket good for one first-class passage, having printed on it a contract in 13 paragraphs, and numerous coupons, and also dates of years and

months and description of passenger. It is printed in the record, covering seven pages. It is not questioned but that plaintiff was the actual purchaser of this ticket and its lawful owner. The question raised by the conductor was relative to the description of the passenger as punched on the ticket. The punch marks, except those made by different conductors during the journey, were made as usual by the agent who sold the ticket, at the time of the sale. Among other stipulations printed on the ticket was the following:

" 10. The holder hereby agrees to establish identity as the original purchaser by signature or otherwise, whenever requested to do so by any conductor or agent of the line or lines over which this ticket reads, and on failure to do so this ticket shall become thereafter void and may be taken up and full fare collected."

The jury returned a general verdict for plaintiff, and also found specially on questions submitted by defendant as follows:

1. Did the plaintiff refuse to offer proofs of identity to the conductor, N. A. Ross, previous to the ejection of said plaintiff from the car in question ? No.
2. Did N. A. Ross, the conductor, give the plaintiff an opportunity to identify himself, pay his fare, or leave the car before he removed him ? Yes.
3. Did the conductor, N. A. Ross, act in good faith in his dealing with the plaintiff ? No.

Defendant made a motion for a new trial. On June 26, 1905, said motion was denied and an opinion filed by the court, giving his reasons therefor. On October 14, 1905, defendant filed exceptions to the ruling and decision of the court in denying such motion. Defendant asks this court to reverse the judgment entered upon the verdict of the jury on account of errors claimed to have been committed upon said trial.

As already appears, the principal question in dispute between these parties upon the trial was whether the conductor of the defendant company was justified in ejecting plaintiff from the car. Incidental to this was the

question of the amount of force used by him upon the plaintiff, and, if defendant's agent, the conductor, wrongfully ejected plaintiff, the extent of plaintiff's injuries, if any, and the amount of damages he was entitled to recover. Upon all of these propositions under the charge of the court, the jury found in favor of the plaintiff, and there was evidence in the case, which, if believed by the jury, warranted the verdict rendered.

The errors assigned will be considered in groups:

(1) Errors upon the admission and exclusion of evidence.
(2) Errors based upon improper arguments of counsel.
(3) Errors upon refusal to give requests to charge.
(4) Errors committed in the charge of the court.
(5) Errors upon the decision of the court in denying a motion for a new trial.

1. In relating what occurred at the time he was ejected from the car, plaintiff, among other things, testified that he was sitting in his seat, and was seized by the conductor, who proceeded to drag him out. He then said:

"I was in no position to meet any such assault, for that reason I resisted as long as I could."

Error is assigned because the court refused to strike this out as a conclusion of the witness. We do not so understand it. The witness gave his position as his reason for resisting in the manner he did.

Some testimony was offered under objection and exception as to what occurred when the train afterwards arrived at Ft. Dodge and conductors were changed. It was received, but stricken out as soon as its immateriality developed. Such action is held not to be erroneous; no request having been offered asking the court to instruct the jury upon the matter. *Barnett* v. *Insurance Co.*, 115 Mich. 247.

Defendant excepted to the exclusion of certain questions propounded to an expert witness. This was not prejudicial, for the reason that the inquiry was pursued in

another form of question, and the information secured. *Lamb* v. *Lippincott*, 115 Mich. 611.

Errors are assigned upon the admission of testimony of an expert witness relative to a general custom of railroads in punching tickets, for the reason that he did not include defendant company; also, for excluding testimony offered in surrebuttal to show the absence of such custom on defendant's road. Defendant's witness, Conductor Ross, admitted that this was the manner of punching tickets on its road. The whole matter was entirely immaterial to the issue. There was no dispute as to how the conductor punched this ticket, nor the effect of such punching, if the question of identification had not been raised.

2. The arguments of counsel claimed to have been improper and prejudicial do not appear in the record. Exceptions do appear taken after the arguments were closed, stating wherein they were improper. Plaintiff denies that the statements claimed were made. The record does not show that objection was made at the time and ruled upon by the court. Therefore this court cannot review it. *Miller* v. *Lachman*, 117 Mich. 68, and cases cited.

3. Twenty-four of defendant's requests to charge were refused, and error is assigned upon each refusal. To give these requests at length and discuss them would be of no benefit to the profession, and is not necessary. An examination of the entire charge of the court shows that the substance of these requests, proper to give the jury, was given.

4. The charge of the court to the jury was given with great care, and for the most part appears to have been entirely satisfactory to the defendant. The court correctly stated what was involved in the case, giving clearly and fully the claims of the respective parties. The rights and duties of the plaintiff and the defendant's conductor were fully and repeatedly set forth and defined. Among other things, he said:

"It was the duty of the plaintiff, upon demand so to do, by the conductor in charge of the train, to either iden-

tify himself to the reasonable satisfaction of the conductor, or pay his fare, or leave the train.   *   *   *

"The act of the conductor of the defendant company in removing the plaintiff from the car was the act of the defendant company, and rendered it liable to the plaintiff for all his damages, providing such ejectment was unlawful, or, if lawful, made with unnecessary force and violence.

"I instruct you that it was not within the province or authority of the conductor, Mr. Ross, to in any manner change or vary the terms of the ticket presented by plaintiff. Under the terms of that ticket, all that the conductor could do was to pass upon the question of the proper identification of the plaintiff, and if the conductor was reasonably satisfied of the identification of the plaintiff—that is, that he was the same person described in the ticket—then the conductor should have accepted the ticket and allowed plaintiff transportation on that train; but, if you find that, not being reasonably satisfied as to the identification, the conductor asked for the identification, and plaintiff refused to identify himself, then the conductor had no right to accept such ticket or allow transportation on the ticket.   *   *   *

"I instruct you that, as between the conductor and plaintiff, the right of the latter to travel or be transported by this train was governed entirely by the terms of the ticket, and if you find that the conductor reasonably believed, and had good reason to believe, that such a discrepancy existed, then it was proper for him to ask plaintiff to identify himself, and if you find that he did ask plaintiff to identify himself, and plaintiff refused so to do, then it was proper for the conductor to demand that plaintiff pay his fare in cash or leave the train; and, if you find that the plaintiff in turn refused to do either of these things, then it was proper and lawful for the conductor to use such reasonable force as was necessary to put plaintiff off the train; and, if you find that the conductor used only such reasonable force as was necessary, then your verdict must be for the defendant, no cause of action. If you find under the circumstances stated that the conductor used more force than was reasonably necessary, then the plaintiff can only recover for the damages resulting to him, if any, from such excess of force.   *   *   *

"In determining the question as to whether or not the conductor was justified in ejecting the plaintiff from his

train, you should take into account all the evidence in the case bearing upon what occurred at the time the plaintiff first presented his ticket, and what afterward occurred when the conductor returned to the plaintiff while he was still in the train.   *   *   *

"The provision printed upon the face of the ticket that the passenger shall, whenever requested by the conductor to do so, identify himself by writing his name or otherwise, is a reasonable regulation, and it would be the duty of Mr. Pierson to comply with a request of the conductor to identify himself, by writing his name, or otherwise, at any time, even though the conductor had accepted and punched his ticket and returned the ticket to the plaintiff, thereby intending to signify his acceptance of the ticket, and thereby canceling the ticket to the end of his run at Ft. Dodge, Iowa.   Did the conductor request Mr. Pierson to identify himself by writing or otherwise ? And did Mr. Pierson refuse to write his name, or to otherwise identify himself ?   If you find that he did refuse, after being requested so to do, to identify himself, then the conductor would be justified in ejecting him from the train, using, however, no more force than was necessary to accomplish that object.   This, gentlemen, is a question of fact to be determined by you under all the evidence in this case, and is really the question upon which the decision of this controversy turns."

From these portions of the charge it clearly appears that the court, upon the crucial question in the case, correctly stated the law to the jury.

Defendants assign error upon part of the charge which is as follows:

"If you shall find as a fact, from the evidence in the case, that plaintiff purchased the ticket on which he was riding when ejected from the cars of defendant company, *  *  *  or of one who had their tickets, and with apparent authority to sell the same, and paid the fare demanded, and in purchasing the ticket used no fraud, but acted in good faith, then I charge you that, if there was any mistake made in the description of plaintiff on the ticket, it was a mistake for which defendant was liable, and your verdict must be for plaintiff."

It is a well-settled rule that a small part of a charge cannot be isolated, and, standing alone, made the ground

for reversible error, if upon the entire charge it can fairly be said that the jury were not misled. The sentence objected to might well have been omitted. It was not a necessary part of the charge, and was probably induced by a request of defendant based upon a claimed theory of plaintiff relative to a mistaken description in the .ticket. Plaintiff did not claim that any mistake had been made in the description contained in the ticket. The case was submitted to the jury upon the theory that plaintiff's rights depended upon the ticket he presented, and that the conductor was within his rights if he demanded identification; the dispute being as to what occurred as to identification. Defendant could not have been prejudiced or the jury misled, because the court later clearly and correctly stated the law.

Defendant also claims that the court erred in charging:

"Defendant company, being a common carrier of passengers for hire, cannot limit its liability for the negligence of itself or its agents by any contract contained in the ticket purchased by plaintiff on which ticket he was seeking transportation."

This is not claimed to be incorrect as an abstract proposition of law, but that it had no application to the case. What has just been said relative to construing the charge as a whole applies here. The paragraph first quoted in this opinion immediately follows the sentence objected to:

"It was the duty of the plaintiff, upon demand so to do by the conductor in charge of the train, to either identify himself to the reasonable satisfaction of the conductor, or pay his fare, or leave the train."

Neither party questioned what the contract between them was. The court in his charge distinctly and correctly told the jury what they must find in order to hold defendant liable. The error was not prejudicial.

It is also objected that the court did not properly instruct the jury as to the rule of damages governing the case under the ticket contract. This question is raised by exceptions to certain portions of the charge and the re-

fusal to give certain requests. This objection is based upon the eleventh paragraph of the said contract:

"It is hereby agreed and understood that any claim for damages by the purchaser hereof arising out or in consequence of any bona fide mistake of any conductor or agent in rejecting such proofs of identity or in forfeiting this ticket or refusing further passage thereon shall be limited to the amount which such purchaser shall have originally paid for this ticket."

It is contended that this case is within the decision of this court in the case of *Brown* v. *Railway Co.*, 130 Mich. 483, and controlled by it. This case can be distinguished from the *Brown Case* in this: In the case at bar, plaintiff presented a ticket entitling him to transportation, if he was the person who purchased it. It was a ticket good on its face for the distance to be traveled. The only question open was that of identification. The jury found specially that plaintiff did not refuse to identify himself, and that the conductor did not act in good faith in his dealing with him. This court has held that a passenger presenting a ticket good on its face for the distance to be traveled is entitled to ride, and if wrongfully ejected may recover substantial damages. *Zagelmeyer* v. *Railroad Co.*, 102 Mich. 214; *Vining* v. *Railway*, 122 Mich. 248; *Carvey* v. *Railway Co.*, 133 Mich. 659. See, also, *Hufford* v. *Railroad Co.*, 64 Mich. 631. The court was not in error in refusing to limit the amount of the recovery to the amount paid for the ticket. Other errors assigned upon the charge are either similar to those just discussed, or, from a reading of those portions of the charge objected to, appear to be without merit.

5. The specific errors assigned upon exceptions to the decision of the court in denying the motion for a new trial are expressly waived in appellant's brief. These include all the exceptions relative to the special findings of the jury, and are not discussed. The only exception to said decision not expressly waived, and upon which error is assigned, is in the following words:

"Said defendant also excepts to the judgment and decision of the court in overruling said motion for a new trial."

Of this assignment of error appellant says:

"Any discussion of the same would be a reiteration of our argument in support of the previous assignments herein considered."

In the absence of discussion, and neglect to call the attention of this court to any specific error committed by the trial court in said decision, and by indicating a reliance upon the discussion of errors committed on the trial, appellant must be held to have waived all errors assigned upon said decision denying the motion for a new trial.

We find no reversible error in the case.

The judgment of the circuit court should be affirmed.

MOORE, J., concurred with McALVAY, C. J.

HOOKER, J. This controversy involves disputed questions of fact as to the circumstances under which plaintiff was ejected from defendant's car and the amount of damage. A claim was made that the conductor acted in bad faith, and the jury so found. Hence it was proper for them to award damages for injured feelings.

The matter of bad faith was a question of fact, and any testimony bearing upon it should not have been excluded. The plaintiff offered testimony to the effect that when the ticket was taken the conductor punched it, and that, according to the custom of railroads in general, this was an acceptance of the ticket, and claimed that he could not lawfully raise the question of plaintiff's identity afterwards. If this was the custom of defendant, whether it was of others or not, it is presumable that the conductor knew it, and the jury would be likely to think so, and the same is perhaps true prima facie under the proof of a general custom. But, as far as it applies to the question of good faith, it was competent for the defendant to show that there was no such rule or custom on the defendant's

road, which would be consistent with the conductor's statement that he did not notice the description of plaintiff until after the ticket was punched, and did not act in bad faith in raising the question after punching the ticket, which was in a sense a usual and involuntary act, on receipt of any ticket. Such testimony was excluded, and was injurious, especially in the light of the following instructions given the jury:

"If you find that the conductor punched the ticket when presented to him in the first instance by Mr. Pierson, that fact alone would not constitute an acceptance of the ticket by the railway company, unless you shall find that the conductor so punched the ticket as an act of acceptance, and intending thereby to so accept the ticket, and the question of the length of time the conductor had in which to decide the question of whether or not he would accept the ticket is immaterial. The defendant is bound by his act, whether he had much or little time in which to make his decision."

And his refusal to give the following requests:

"If you should find that the conductor, in taking up the ticket from plaintiff in the first instance, either through mistake, or by reason of being hurried in his duties, did not notice any discrepancy between the personal description contained in the ticket and the personal appearance of the plaintiff, neither he nor the defendant were bound to retain that ticket as transportation for the plaintiff without demanding personal identification, the same as the conductor might have done in the first instance if he had noticed the discrepancy, and, after noticing it, it was his duty, and he had the right and privilege as representing the defendant, to bring the matter to the attention of the plaintiff and demand that the plaintiff either pay his fare in cash or reasonably identify himself so that the conductor might be reasonably assured that the plaintiff was a bona fide holder of the ticket or leave the train. Of course, in making any such demand upon plaintiff, it was the duty of the conductor to tender the ticket to the plaintiff."

Which request was refused and defendant excepted, and which should have been given.

The following request should also have been given:

"It appears in evidence that the plaintiff had with him sufficient money with which to pay his fare in cash, and I instruct you that you may take that fact into consideration in arriving upon your verdict in this case, under the instruction given you by the court."

Which request was refused, and defendant excepted. It was proper in mitigation of damages, as was the testimony excluded, hereinbefore referred to.

The judgment should be reversed, and a new trial ordered.

OSTRANDER, J. If it is agreed, as it appears to be, that the regulation calling for identification of the ticket holder is a reasonable one, the vital point in the case is whether the regulation was reasonably enforced. Reasonable enforcement of it was provided for in the contract. Unreasonable enforcement might be a trespass. The declaration does not count upon a misdescription of defendant in the ticket. The court instructed the jury:

"If you shall find as a fact, from the evidence in the case, that plaintiff purchased the ticket on which he was riding * * * and paid the fare demanded, and in purchasing the ticket used no fraud, but acted in good faith, then I charge you that. if there was any mistake made in the description of plaintiff on the ticket, it was a mistake for which defendant was liable, and your verdict must be for the plaintiff."

Immediately following this, and the two quotations from the charge here given are not qualified and appear to cover the subject, the court said:

"Defendant company, being a common carrier of passengers for hire, cannot limit its liability for the negligence of itself or its agents by any contract contained in the ticket purchased by plaintiff, on which ticket he was seeking transportation."

The testimony of the conductor who put plaintiff off the train is that the ticket did not describe the plaintiff. He further testified that he told plaintiff the ticket did not

describe him.   It appears that the supposed lack of correspondence between the description and the man is what caused the demand for identification.   Upon this testimony and charge, it seems to me that a verdict for plaintiff was inevitable.   The instruction was both erroneous and prejudicial, because it condemns defendant for negligence not alleged as ground for recovery, and because it furnishes ground for the verdict, whether the regulation in question was or was not reasonably enforced.

Except as herein stated, I concur in the opinion of Mr. Justice McALVAY.   For the error pointed out, I think the judgment should be reversed, and a new trial granted.

CARPENTER, GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred with OSTRANDER, J.