# AARON HUFFORD v. THE GRAND RAPIDS AND INDIANA RAILROAD COMPANY.

[See 53 Mich. 118.]

*Carriers—Railroad ticket—Evidence of holder's right to travel.*

1. Plaintiff purchased in good faith of defendant's agent a genuine ticket, issued by the company, which the agent had a right to sell and receive pay for, covering the distance between two stations, and was informed by the agent that it "was good, and entitled him to a ride between said two stations."

   *Held,* that plaintiff had a right to rely upon the agent's statements, and that the ticket so delivered by him was the evidence agreed upon by the parties by which the defendant should thereafter recognize the rights of the plaintiff in the contract thus made with the agent, and was *conclusive* upon the subject.

2. Passengers are not required to know the rules and regulations made by the directors of a railroad company for the control of the action of its agents and the management of its affairs.

| 64 | 631 |
| --- | --- |
| 92 | 411 |
| 64 | 631 |
| 93 | 614 |
| 64 | 631 |
| 97 | 442 |
| 64 | 631 |
| 102 | 216 |
| 64 | 631 |
| s31NW | 544 |
| s8ASR | 859 |
| 130 | 487n |
| 64 | 631 |
| s31NW | 544 |
| 133 | 2661 |
| 64 | 631 |
| 134 | 1593 |
| 64 | 631 |
| 149 | 1176 |

3. Act No. 101, Laws of 1885, permitting an appellant to assign errors on the charge of the trial court without taking exceptions on the trial, is a remedial statute, and was intended to apply to cases pending at time of its passage as well as to those subsequently commenced.

Error to Kent. (Montgomery, J.) Argued November 2, 1886. Decided February 3, 1887.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Taggart & Denison,* for appellant.

*T. J. O'Brien* and *J. H. Campbell,* for defendant.

SHERWOOD, J. In this case the plaintiff sues the defendant for an alleged assault and battery, which he avers was committed upon him on the nineteenth day of September, 1882, by one of the conductors of the defendant, while he was riding upon one of its trains, without any justification.

The case was tried before Judge Montgomery in the Kent circuit by jury, and the plaintiff failed to recover, and now brings error.

The case was before this Court on error at the January term, 1884.[1] A new trial was then ordered, which has since been had, the proceedings in which we are now called upon to review. The plea in the case was the general issue.

The plaintiff's claim is that the conductor wrongfully threatened to expel him from the cars of defendant, and for that purpose laid violent hands upon him, and thereby compelled the plaintiff, who was in feeble health at the time, to pay fare a second time, the plaintiff having bought and paid for a ticket, which the conductor refused to take.

The ticket held by the plaintiff, when purchased by him at Manton, was represented to him by the agent as good to Traverse City. Traverse City is located on one of defend-

---

[1]See *Hufford v. Grand Rapids & Indiana Ry. Co.,* 53 Mich. 118.

ant's branch lines, connecting with the main line at Walton junction, which is situate about nine miles north of Manton; and it was between these two stations that the alleged altercation occurred. If what the plaintiff states is true, the defendant owed him a ride on its train to Walton junction; and if what the defendant's conductor testifies to is true, the ticket held by the plaintiff did not furnish the proper evidence of the plaintiff's right to ride between the points named.

Counsel for defendant claims that, as between the conductor and the passenger, the former can only accept a ticket from the latter in payment of fare when it contains upon its face the marks, words, letters, and figures required by the rules of the company to be placed thereon, showing the holder's right to ride, and that what appears upon the face of the ticket is conclusive between them; that the conductor has the right to act accordingly. It was upon this theory the cause was tried and submitted to the jury.

The ticket purchased was part of an excursion ticket, good when first issued for a ride from Sturgis to Traverse City. After the plaintiff had purchased and paid for the ticket, he observed it did not look like the tickets he had been accustomed to purchase, and thereupon he returned to the ticket office, and asked the agent if it was good, and was informed by the agent it was. He then entered the defendant's passenger coach, and the train moved on for Walton junction.

When the conductor asked for the plaintiff's fare, he delivered to him the ticket he had thus purchased. The conductor told plaintiff he could not receive it for his fare, whereupon plaintiff informed the conductor that he bought the ticket at Manton of the company's agent, and was informed by him it was good; that he paid the agent for the ticket, and he should not pay his fare again. The conductor then laid his hand upon plaintiff's shoulder, and rang the bell, and told the plaintiff, unless he paid the fare, which

was 25 cents, he would put the plaintiff off the train. The plaintiff then under protest paid the fare demanded of him.

These facts appear by the record, and are not disputed. Whether or not the ticket had been canceled between Grand Rapids and Walton junction by conductor's marks was a fact contested before the jury, and upon this subject the court charged the jury:

"If the ticket had been canceled between those points, then upon its face it was an invalid ticket, and, when the fact was called to the attention of the plaintiff, he had no longer a right to insist upon being transferred over this line upon that ticket."

And further charged:

"If it was not valid upon its face, but had been canceled between those points, the plaintiff cannot recover in this action."

In response to a question from a juror, the court further charged as follows:

"I said to you that if the ticket, upon its face, appeared to be a genuine ticket, entitling the party to ride between the stations named, Manton and Walton junction, and had no evidence of its infirmity, or of having been used before, and the plaintiff purchased it in good faith, and believed that it entitled him to a ride between the stations, then it should be treated as such, and the party would have a right to refuse to leave the car; but that if the ticket was punched, indicating to the conductor by the punch-mark that it had been used between Grand Rapids and Walton junction, that would be evidence of an infirmity of the ticket, and the plaintiff would not be entitled to insist upon that ticket being received."

These charges, with the exception of that wherein the court says the plaintiff would have a right to refuse to leave the cars, are erroneous.

There seems to be no question but that the plaintiff purchased his ticket of an agent of the company, who had the right to sell the same and receive the plaintiff's money therefor; that the ticket covered the distance between the two

stations, and was purchased by the plaintiff in perfect good faith; that the ticket was genuine, and was issued by the company, and one which its agents had the right to sell to passengers. The plaintiff had a right to rely upon the statements of the agent that it was good, and entitled him to a ride between the two stations. It was a contract for a ride between the two stations, that the defendant's agent had a right to make, and did make, with the plaintiff.

The ticket given by the agent to the plaintiff was the evidence agreed upon by the parties, by which the defendant should thereafter recognize the rights of plaintiff in his contract; and neither the company, nor any of its agents, could thereafter be permitted to say the ticket was not such evidence, and conclusive upon the subject. Passengers are not interested in the internal affairs of the companies whose coaches they ride in, nor are they required to know the rules and regulations made by the directors of a company for the control of the action of its agents and the management of its affairs.

When the plaintiff told the conductor on the train that he had paid his fare, and stated the amount he paid to the agent who gave him the ticket he presented, and told him it was good, it was the duty of the conductor to accept the statement of the plaintiff until he found out it was not true, no matter what the ticket contained in words, figures, or other marks. All sorts of people travel upon the cars; and the regulations and management of the company's business and trains which would not protect the educated and uneducated, the wise and the ignorant, alike, would be unreasonable indeed. On the undisputed facts in this case, I think the plaintiff was entitled to go to Walton junction upon the ticket he presented to the conductor. *Maroney v. Old Colony & N. Ry. Co.*, 106 Mass. 153; *Murdock v. Boston & A. R. R. Co.*, 137 Id. 293. See this case in 53 Mich. 118.

In this case the trial was concluded on March 14, 1885.

The bill of exceptions was settled May 26, 1886, and errors were assigned in this Court on May 31 following.

On the fourteenth of May, 1885, Act No. 101, Laws of 1885, was approved, whereby a party aggrieved by the charge of the circuit judge may assign errors upon such charge in this Court the same as if exceptions had been taken thereto at the circuit. I think errors in this case were properly assigned to the charge. The statute applies to a question of practice only. It is a remedial statute, and was intended to apply to cases then pending as well as to those thereafter to be commenced.[1]

There is no discussion of the other questions raised required for a proper disposition of the case.

The judgment must be reversed, and a new trial granted.

CAMPBELL, C. J., and MORSE, J., concurred. CHAMPLIN, J., did not sit.

---
[1] See *Just v. Porter, ante,* 565.