## TIMOTHY MAHONEY v. THE DETROIT STREET RAILWAY COMPANY.

*Carriers—Ejection of passengers—Failure to produce ticket.*

1. It is the duty of a passenger to secure evidence of the payment of the fare necessary to entitle him to passage on a street car, and the conductor is under no legal obligation to accept the passenger's statement as to that fact.
2. Where a passenger has a valid contract with a street-car company for passage over its road, but lacks the required evidence of that fact, it is his duty to pay his fare when demanded by the conductor, and seek redress from the company for a violation of the contract.

Error to Wayne. (Hosmer, J.) Argued November 16, 1892. Decided December 2, 1892.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*James H. Pound,* for appellant.

*Sidney T. Miller (John C. Donnelly,* of counsel), for defendant.

GRANT, J. Plaintiff entered one of defendant's cars on Michigan avenue, going west, intending to go to Thirty-third street. He paid his fare, five cents, to the conductor. The car he took did not go to Thirty-third street, but

.stopped at defendant's barns, near the railroad crossing. This was near the city limits, and it appears that only certain cars went the entire distance. Upon the stoppage of the car the driver unhitched his horses, and was driving them to the opposite end, when plaintiff, perceiving this, .said to the conductor that he desired to go further. To this the conductor replied, "You can go back in this car, .and take the next car up, or get off here, and take the next car up." Plaintiff decided to get off there. A ·car soon came from the barns and started westward. Some ·employé of the road asked him if he was going on that ·car, meaning evidently to ask whether he intended to return to the city on the same car. The terminus of the road was but a short distance west of the barns, and plaintiff's .destination was only five blocks from where he alighted from the first car. Plaintiff replied, "No;" that he had ·come· up on another car. He was then informed that he would have to pay. This he declined to do. Meanwhile the car had gone about two blocks. He was then told that he must pay or get off. One of defendant's employés then approached him, took him by the lapel of the coat, and thereupon he alighted from the car. No force was in fact used other than this, and plaintiff claims no injury except to his feelings. Plaintiff did not ask for a "change ·off" from the first conductor, nor did the conductor offer him one. Plaintiff brought an action of tort to recover for his alleged unlawful and forcible ejection from the car. The learned court sustained his right of recovery, and directed a verdict for nominal damages, holding that it was the plaintiff's duty to pay his fare, and save any injury to his feelings.

It is insisted by the plaintiff that he had a valid contract for carriage from the point where he took the car to Thirty-third street, and that his ejection from the car was, therefore, unlawful and tortious. If it be granted that he

had such a contract, still he had no evidence of it except his own statement, and the question is, what was his duty under the circumstances? If the conductor was under legal obligation to accept his statement that he had such contract, then his removal was unlawful; otherwise it was not. Counsel has cited no authority, nor have I found one, which holds that a stranger may enter the car of either a railway or street-car company without any evidence that he has paid his fare, and secure passage by his own statement to the conductor that he has previously paid it to some other authorized agent. It is the duty of the passenger to secure evidence of such payment, or to pay when his fare is demanded. The business of such companies cannot be carried on upon any other basis. This certainly is common sense and experience.

Plaintiff's counsel cites the following authorities in support of his position: *Hufford v. Railroad Co.*, 64 Mich. 631; *Hamilton v. Railroad Co.*, 53 N. Y. 25; *Carsten v. Railroad Co.*, 44 Minn. 454 (47 N. W. Rep. 49); *Pennsylvania Co. v. Bray*, 125 Ind. 229 (25 N. E. Rep. 439); *Railway Co. v. Fix*, 88 Id. 384; *Railway Co. v. McDonough*, 53 Id. 289; *Palmer v. Railroad*, 3 S. C. 580; *Burnham v. Railway Co.*, 63 Me. 298; *Eddy v. Rider*, 79 Tex. 57 (15 S. W. Rep. 113); *Railroad Co. v. Winter's Adm'r*, 143 U. S. 60 (12 Sup. Ct. Rep. 356). An examination of these cases shows that in all except *Hamilton v. Railroad Co.* the plaintiffs had procured and showed to the conductors either tickets or stop-over checks, showing that they had paid their fare, and the disputes arose over the right to ride upon such checks or tickets. It is unnecessary to reveiw these authorities.

In *Hamilton v. Railroad Co.* the plaintiff was transferred from one car to another by the conductor; the first car, for some reason, not going through to the passenger's destination. It does not appear just how the transfer was

.made, but it is quite apparent that when the cars were near together the transfer of passengers was made, and the dispute was whether plaintiff was one of the passengers so transferred. In that case no evidence of transfer was required except the knowledge of the second conductor, whose duty it was to see and know who were so transferred. Under those circumstances, the passenger had the undoubted right to insist upon his passage without further payment.

If plaintiff had obtained a " change off " or transfer, and lost it, or if he had purchased a ticket and lost it, or if either had been accidently destroyed, it would be absurd to hold that he was entitled to a ride upon stating to the conductor that he had such transfer or ticket, but had lost it, or that it was accidentally destroyed. It is apparent that in the present case plaintiff possessed no other or different right from that which he would have possessed had he procured evidence of payment, which had been lost or destroyed. In the one case his contract to ride would be complete, but the only written evidence he had would be lost; while in the other his contract might be equally good, but he had neither asked nor obtained any evidence thereof, to show to the conductor in charge of the other car or train, which must serve as a voucher in his settlement with the company. It is a novel doctrine that one may compel the agent of another to accept without question, and without opportunity to investigate, his verbal statement that he has a contract with his principal, and especially where frequent frauds upon the principal must inevitably result as the consequence of such a doctrine. It was the plaintiff's reasonable and clear duty to pay his fare, and seek redress from the defendant for a violation of his contract.

In the case of *Frederick v. Railroad Co.*, 37 Mich. 346, Mr. Justice MARSTON said:

"There is but one rule which can safely be tolerated

with any decent regard to the rights of railroad companies and passengers generally. As between the conductor and passenger, and the right of the latter to travel, the ticket produced must be conclusive evidence, and he must produce it when called upon, as the evidence of his right to the seat he claims."

In *Hufford v. Railroad Co.* plaintiff paid his fare. The language of the Court in that case, that " it was the duty of the conductor to accept the statement of the plaintiff until he found out it was not true," must be held to apply to the circumstances of that case, where the plaintiff had a ticket. That statement would be most unreasonable in the case of one having no ticket.

Several authorities in support of the rule above stated will be found cited in *Frederick v. Railroad Co.* The rule, and the reason therefor, are very ably stated in *Bradshaw v. Railroad Co.*, 135 Mass. 407, and are also supported by the following cases: *Yorton v. Railway Co.*, 54 Wis. 234 (11 N. W. Rep. 482), and authorities there cited; *Peabody v. O. R. & N. Co.*, 21 Or. 121 (26 Pac. Rep. 1053); *McKay v. Railroad Co.*, 34 W. Va. 65 (11 S. E. Rep. 737).

Inasmuch as the court should have directed a verdict for the defendant, it is unnecessary to discuss the question of damages.

Judgment affirmed.

The other Justices concurred.