[No. 4203.   Decided September 15, 1902.]

HENRY LAWSHE, *Appellant,* v. TACOMA RAILWAY AND POWER COMPANY, *Respondent.*

CARRIERS — EJECTION OF PASSENGER — MISTAKE OF AGENT — LIABILITY IN DAMAGES.

A passenger ejected from a street car is not restricted to the recovery of his fare, but is entitled to an action for substantial damages, where he had paid his fare to the conductor on one line and asked for a transfer to another line operated by the company, but was given the wrong transfer check, which he accepted without noticing the mistake and presented to the conductor of the line upon which he sought to be transferred, but was refused the right to ride unless he again paid fare; and the fact that the agent called upon to correct the mistake was other than the one making it would not affect the question of liability, since the company acted through agents in contracting to carry him, and the act of one conductor was in effect the act of the other, because the acts of both were the acts of the company.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM H. SNELL, Judge.    Reversed.

*Hudson & Holt,* for appellant.

*B. S. Grosscup* and *A. G. Avery,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—Defendant, as a common carrier of passengers, operates in Tacoma a street car line on Pacific avenue, and issues transfers to various connecting lines also operated by it. Plaintiff became a passenger upon the Pacific avenue line, and requested a transfer to the I street line. By a mistake of the conductor, instead of being given this transfer he was given a transfer to another line. Not noticing the mistake, plaintiff presented this transfer to the conductor of the I street car, who refused to accept it and demanded fare. Plaintiff declined to pay fare, and was put off the car. He now sues for damages on account of the ejection. The complaint, which, in substance, embodied the statement made above, was demurred to on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, judgment was entered, and from such judgment plaintiff appeals.

It is insisted by the respondent (defendant) that the carrier of passengers has a right to make reasonable rules and regulations for the conduct of its business, and that it is a reasonable regulation to require a passenger to procure and exhibit to the conductor a ticket evidencing his right to ride; that he must make his contract known to the conductor, and it can be so made known only by exhibiting the proper ticket; that if he fails to exhibit the proper ticket, although his failure is due to a mistake of an employee of the company, and he has in fact contracted for passage, still he may be ejected; and that his only remedy is to sue for the recovery of his fare. On this subject there seems to be a wide divergence of opinion, as indicated by the decisions. Respondent asserts that there is not an irreconcilable conflict of authority upon this subject; that the fundamental rules and the reasons underlying them support

the doctrine that the appellant cannot recover under the circumstances of this case; and it is insisted that the appellant does not cite a single case exactly in point upon its facts with the case at bar. An examination of the authorities satisfies us that not only is there an irreconcilable conflict in the authorities, but that the weight of authority and the better reason sustain the appellant's right to recover; that, while the circumstances of the cases cited by appellant in most instances differ slightly from the circumstances of this case, the principle governing is identical. It is true that the company has a right to make regulations governing its traffic; but those regulations are for the benefit of the company, they are to a certain extent technical, and are understood only by the officers of the company and by travelers who are exceedingly familiar with them.

In *Hufford v. Grand Rapids & I. R. R. Co.*, 64 Mich. 631 (31 N. W. 544, 8 Am. St. Rep. 859), which it is claimed overruled some of the earlier cases holding to the opposite doctrine, and which we think, in substance, does overrule them, it was held that plaintiff had a right to rely upon the agent's statements, and that the ticket so delivered by him was the evidence agreed upon by the parties by which the defendant should thereafter recognize the rights of the plaintiff in the contract thus made with the agent, was conclusive upon the subject, and that passengers were not required to know the rules and regulations made by the directors of a railroad company for the control of the action of its agents and the management of its affairs. In passing upon the question, the court said:

"There seems to be no question but that the plaintiff purchased his ticket of an agent of the company, who had the right to sell the same and receive the plaintiff's money therefor; that the ticket covered the distance between the two stations, and was purchased by the plaintiff in perfect

good faith; that the ticket was genuine, and was issued by the company, and one which its agents had the right to sell to passengers. The plaintiff had a right to rely upon the statements of the agent that it was good, and entitled him to a ride between the two stations. It was a contract for a ride beween the two stations, that the defendant's agent had a right to make, and did make, with the plaintiff. The ticket given by the agent to the plaintiff was the evidence agreed upon by the parties, by which the defendant should thereafter recognize the rights of plaintiff in his contract; and neither the company, nor any of its agents, could thereafter be permitted to say the ticket was not such evidence, and conclusive upon the subject. Passengers are not interested in the internal affairs of the companies whose coaches they ride in, nor are they required to know the rules and regulations made by the directors of the company for the control of the action of its agents and the management of its affairs."

In this case the ticket was represented by the conductor to carry the passenger to a certain place, but was not in fact a ticket which would entitle a passenger to ride to such place. In further speaking of the right of the plaintiff to rely upon the representations of the conductor, the court said:

"All sorts of people travel upon the cars; and the regulations and management of the company's business and trains which would not protect the educated and uneducated, the wise and the ignorant, alike, would be unreasonable indeed."

In *Sloane v. Southern California Ry. Co.*, 111 Cal. 668 (44 Pac. 320, 32 L. R. A. 193), it was held that, for the purpose of a right of action for the tort of a railroad company, it is not material that different acts of tort were committed by different agents of the railroad company; and the liability of the railroad company is the same where one conductor took up the ticket of the passenger,

and required a change of cars, without giving to the passenger any evidence of the right of passage, and the conductor upon the other train excluded the passenger for failure to exhibit such evidence, as if both acts had been done by one conductor. The circumstances of the case were exactly parallel with the circumstances of the case at bar, excepting that in the former instance the passenger had no evidence of the contract, while in the case at bar the evidence was defective.

A case exactly in point is *O'Rourke v. Citizens' St. Ry. Co.,* 103 Tenn. 124 (52 S. W. 872, 46 L. R. A. 614, 76 Am. St. Rep. 639), where it was held that a passenger who was ejected from a street car to which he had transferred from another car, because his transfer checks were improperly punched by the conductor of the first car, can recover therefor, where, on the refusal of the second conductor to accept the transfer checks, and before he was ejected, he made a statement to the conductor showing that the fault in the tickets was due to the negligence of the first conductor. In this case the authorities are collated on both sides of the proposition, a great majority being cited in favor of sustaining the right of recovery; and the court, in the course of its remarks, very pertinently said:

"We concur in the latter view, and hold that a person who makes a valid contract is entitled to passage according to its terms, though the face of the ticket furnished him may not in any true sense express the contract. It is the contract and not the ticket that gives the right to transportation. The ticket is but an evidence of the contract, made out and furnished by the carrier; and if it fail to disclose the true contract, the fault is with the carrier, and it is responsible for the natural consequences of the variance."

To the same effect are *Gulf, C. & S. F. Ry. Co. v. Rather,* 3 Tex. Civ. App. 72 (21 S. W. 951); *Gulf, C. &*

*S. F. Ry. Co., v. Copeland,* 17 Tex. Civ. App. 55 (42 S. W. 239).

But outside of all authority, it seems to us that in accordance with the general principles of law the appellant should recover. It is too plain for argument that only the right to sue for the recovery of the fare or a portion of the fare received by the company will be totally inadequate, and, through the plain, every-day law governing agency, the company is responsible for the acts of its agent and for his mistakes. This mistake it was the duty of the company to correct. It must necessarily correct it through its agents. It makes no difference, in reason, that the agent who was called upon to correct the mistake was another and different agent from the one who made the mistake. They were both agents of the company, and the act of the first conductor was in effect the act of the second conductor, because the acts of both were the acts of the company, the company having, for its own convenience, intrusted its business to two agents instead of one. The contract was made when the passenger paid the fare, and it was a contract not with any particular agent of the company, but with the company through its agents. The first conductor, who made the mistake, was not the agent of the passenger, but was the agent of the company, and his mistake was therefore the mistake of the company. If any other rule prevailed, the result would be that the company would be allowed to deprive the passenger of part of the benefit of his contract on account of the mistake made by the company and for which he was in no wise to blame, for he had a right to assume that the conductor furnished him with the transportation for which he asked and for which he paid; it being absolutely impracticable for passengers to make technical examination of the transfer slips which

they receive. And he ought to have redress for the company's violation of the obligation which it assumed.

The cause will be reversed, with instructions to the lower court to overrule the demurrer to the complaint.

REAVIS, C. J., and ANDERS, HADLEY and WHITE, JJ., concur.