### BROWN v. RAPID RAILWAY CO.

1. RAILROADS—EJECTING PASSENGERS—TICKETS.

The conductor of a railway train has a right to eject therefrom a passenger who does not produce a ticket apparently good on its face, or pay his fare.

2. SAME—DAMAGES.

Where a railway conductor detaches the wrong coupon from a passenger's ticket, and the passenger is afterwards, by another conductor, ejected from the car, without unnecessary force, for failure to pay another fare, the railroad company is liable only to the amount of the additional fare.

Error to Wayne; Brooke, J. Submitted October 7, 1903. (Docket No. 9.) Decided October 27, 1903.

Case by Carrie Brown against the Rapid Railway Company to recover damages for her expulsion from defendant's car. From a judgment for plaintiff, on verdict directed by the court, for an alleged inadequate amount, she brings error. Affirmed.

*Fink & O'Connor*, for appellant.

*L. S. Trowbridge, Jr.* (*Gray & Gray*, of counsel), for appellee.

MONTGOMERY, J. This case is a companion case to that of *Samuel J. Brown* v. *Rapid Railway Co.*, 130

Mich. 483 (90 N. W. 290). The present plaintiff is the wife of the plaintiff in that case, and was his companion on the occasion there adverted to. It appears in this case without dispute that the plaintiff's husband purchased for her a coupon ticket, composed of eight parts, the eighth part of which was signed by the general manager. The coupons attached thereto contained the statement, "Void if detached from signature coupon." Through no fault of plaintiff or her husband, these coupons were taken up separately by defendant's conductors, and, through an error, instead of taking up one of the coupons attached, one of the conductors took up the signature coupon, leaving in the hands of the plaintiff or her husband only the coupons without the signature. These detached coupons were accepted by various conductors until the second conductor on the return trip, a Mr. Gordon, objected to receiving them. The circumstances of how the ticket came to be detached were explained to the conductor, but the conductor assured the plaintiff that the ticket was no good, and demanded the payment of the fare, and, upon the plaintiff's husband refusing to pay the fares, the plaintiff was removed from the car without the use of any unnecessary force. The recovery of the plaintiff was limited to the amount paid for additional fare. Plaintiff brings error.

The rule of law in this State has been settled from the decision of *Frederick* v. *Railroad Co.*, 37 Mich. 342 (26 Am. Rep. 531), that, as between the conductor of a railway train and the passenger, it is incumbent upon the passenger to produce as a ticket one which is apparently good upon its face, or pay the fare in cash, and that, failing to do this, the conductor has the right to eject the passenger from the car. Any other rule would result in unseemly contests between the passenger and conductor, and would put upon the conductor the burden of determining at his peril, by facts not evidenced by the ticket produced, whether the passenger was entitled to a ride. This determination was reaffirmed in *Mahoney* v. *Railway*

*Co.*, 93 Mich. 612 (53 N. W. 793, 18 L. R. A. 335, 32 Am. St. Rep. 528); also *Heffron* v. *Railway Co.*, 92 Mich. 406 (52 N. W. 802, 16 L. R. A. 345, 31 Am. St. Rep. 601), in an opinion by Mr. Justice MORSE, where the case of *Hufford* v. *Railroad Co.*, 64 Mich. 631 (31 N. W. 544, 8 Am. St. Rep. 859), is distinguished on the ground that in the *Hufford Case* the ticket was one purporting on its face to cover the distance to be traveled by Hufford. This case was again distinguished in the case of *Van Dusan* v. *Railway Co.*, 97 Mich. 439 (56 N. W. 848, 37 Am. St. Rep. 354), and upon the same identical ground. The rule of law cannot be said to be in doubt in Michigan. The cases cited from other jurisdictions do not support the broad contention necessary to maintain the plaintiff's case. The case of *Scofield* v. *Pennsylvania Co.*, 112 Fed. 858, 50 C. C. A. 553, much relied upon by plaintiff's counsel, was a case in which it was shown that the railroad company had provided by its rules that a passenger should not be expelled from its trains without the case being first reported and passed upon by its representative, who would have an opportunity to get information and act advisedly. No such fact appears in the present case. We are not only content with the Michigan rule, but it is abundantly well shown by the cases cited in the brief of defendant's counsel that this rule is in full accord with the holding in other States.

The judgment will be affirmed, with costs.

The other Justices concurred.