LIGHT v. DETROIT & MACKINAC RAILWAY CO.

1. CARRIERS—DAMAGES—TRIAL — INSTRUCTIONS TO JURY — EJECTION FROM TRAIN.

It was not error to charge the jury, in an action by a passenger for having been unlawfully ejected from defendant's train after he had surrendered his ticket to the conductor, that he would be entitled to recover damages for any injury to his health ensuing because of his walking to his home six miles away, under proofs showing that he was lame afterwards, and could not carry on his trade for two days, and the court could not determine, as a matter of law, that his condition resulted from playing a game of base ball on the day of his injury.

2. EVIDENCE—HEARSAY—HARMLESS ERROR.

Evidence that defendant's ticket agent, in reply to a telegram, sent a message admitting that he had sold a ticket to plaintiff's destination at the time claimed, was not erroneously admitted, in view of an admission of defendant's counsel that such a ticket was sold.

3. DAMAGES—MITIGATION—PASSENGER.

The rule requiring a passenger to pay his fare a second time if he has the money, should not be extended so as to compel him, if he has not the money, to endeavor to borrow it of his friends or acquaintances on the train. HOOKER, J., dissenting.

4. SAME—EXCESSIVE VERDICT—NEW TRIAL.

Plaintiff's alleged injuries not being serious, a verdict of $500 was excessive, and should be reduced to $250, or a new trial awarded.

Error to Alcona; Connine, J. Submitted November 30, 1910. (Docket No. 50.) Decided May 8, 1911.

Case by Albert Light against the Detroit & Mackinac Railway Company for wrongfully ejecting plaintiff from a train. Judgment for plaintiff. Defendant brings error.

165 MICH.—28.

Reversed unless plaintiff consents to remit a portion of the judgment.

*James McNamara* and *Charles R. Henry* (*Guy D. V. Henry*, of counsel), for appellant.

*Lewis P. Coumans*, for appellee.

BROOKE, J. Plaintiff, a barber residing at Au Sable, was a member of the Harrisville baseball team, which played at Alpena on July 15, 1910. Harrisville is located between Alpena and Au Sable; all three stations being upon defendant's road. After the conclusion of the game, the manager of the ball team purchased from the defendant's agent at Alpena nine tickets for Harrisville and one for Au Sable, and the team boarded the train. The conductor took up the tickets between Alpena and Harrisville. As the train left Harrisville, the conductor demanded from plaintiff transportation between Harrisville and Au Sable. Plaintiff claimed that he had already surrendered to the conductor a ticket calling for transportation between Alpena and Au Sable. This the conductor denied, claiming that he had received no ticket from plaintiff of that character. The fare between Harrisville and Au Sable is 55 cents. Plaintiff had but 12 cents in his pocket. The train was stopped at Greenbush, and plaintiff was ejected. No claim is made that plaintiff was physically injured while being put off the train. This occurred at 6 o'clock, and thereafter plaintiff walked back to Harrisville, a distance of six miles. Upon his arrival there a telegram was sent to the agent at Alpena, to which the agent replied as follows:

"ALPENA, MICH. To Manager of Base Ball Team. Nine tickets to Harrisville, one to Au Sable, price $10.65. H. M. Reeves, Agt."

With reference to his physical condition, plaintiff testified:

"It was just about dark when I reached Harrisville.

I had nothing to eat after being put off the train before reaching Harrisville.    I did not procure anything to eat right away after reaching Harrisville.

" *Q.* What was your condition from the effect of not having something to eat up to that time ?

"*A.* I felt pretty weak.    *    *    *

"*Q.* What was your condition the following day, or the condition of your health; that is, in the forenoon of the 16th ?

"*A.* I was sore, and my leg was stiffened up, too.

"*Q.* How long did that continue, if you know ?

"*A.* About two days.    I was not able to continue work in the shop after leaving (arriving) home Thursday night.    I didn't get into my shop until Saturday night. I wasn't fit to go in and do any barber work.

"*Q.* Why ?

"*A.* Nervous and soreness.

"*Q.* So that you lost that time ?

"*A.* I did, sir.    *    *    *

"*Q.* What would it be reasonably worth, a day's work where you were working in your own shop ?

"*A.* Between $3 and $5."

Upon the question of damages, the court charged the jury, in part, as follows:

" Also he would be entitled to recover for any injury to his health that he suffered—any injury to his health by reason of his being ejected from this train—and that injury to his health was in consequence of his being ejected, or the consequence of the necessary exertion in reaching a station, he would be entitled to recover for that.    That element of damage you should consider carefully, and you should inquire whether as a matter of fact his health was injured and to what extent."

Defendant contends that this instruction was erroneous, for the reason that plaintiff's testimony as to his physical injuries was not such as to warrant the jury in awarding to him any damages upon that account.    It is pointed out that, inasmuch as plaintiff had engaged in a game of baseball on the day in question, the first game he had played that year, his soreness was attributable to the violent exercise demanded by the game, rather than to the

six-mile walk upon a summer's evening. We think the testimony as to physical injury is not very convincing, and that the argument of counsel might very well have. convinced the jury that it was not the result of the six-mile walk. It was, however, a question for the jury, and the instructions quoted correctly state the law.

The telegram from the agent at Alpena was admitted over the objection of defendant. The only fact which the telegram tended to prove was that the manager of the team had purchased nine tickets to Harrisville and one to Au Sable. In the discussion between court and counsel touching the telegram, the following appears :

"By *Mr. Henry* (counsel for defendant): I wish to state here that this testimony in regard to the purchasing of these tickets is not going to be seriously assailed by the defendant in this suit.   *   *   *

"By *Mr. Coumans* (counsel for plaintiff): Then do you admit that there was sold to Mr. Sandorf in the purchase of those tickets a ticket good for travel from Alpena to Au Sable that day, and it was in the bunch of tickets that was bought for the ball players ?

"*Mr. Henry:* I have stated that."   *   *   *

In view of this admission by defendant's counsel, the receipt of the telegram in evidence is without prejudice, even if it was incompetent, which we do not determine.

Evidence was offered by defendant tending to show that a friend of plaintiff's was upon the same car with him, who, if plaintiff had applied to him, would have loaned him the money necessary to pay his fare from Harrisville to Au Sable. This was excluded, and error is assigned thereon. Upon this branch of the case defendant relies upon *Frederick* v. *Railroad Co.*, 37 Mich. 342 (26 Am. Rep. 531); *Mahoney* v. *Railway. Co.*, 93 Mich. 612 (53 N. W. 793, 18 L. R. A. 335, 32 Am. St. Rep. 528); *Brown* v. *Railway Co.*, 134 Mich. 591 (96 N. W. 925). We are of opinion that the rule requiring the passenger to pay a second time, if he has the money, in compliance with his duty to minimize defendant's loss, should

not be extended so as to compel him, if he has not the money, to go among his friends or acquaintances upon the train and endeavor to borrow it at the risk of refusal and humiliation. The testimony was properly excluded.

A motion for a new trial was made, one of the grounds for which was that the verdict of $500 was clearly excessive. This motion was denied. We think it clear that the verdict is excessive. Compensation for the injury wrongfully inflicted should be the measure of plaintiff's recovery. The testimony in this record does not show injury to defendant which would warrant a verdict for $500.

The judgment will be reversed and a new trial ordered unless plaintiff remits the sum of $250, in which event it will stand affirmed, with costs of this court to defendant.

OSTRANDER, C. J., and BIRD, MOORE, MCALVAY, BLAIR, and STONE, JJ., concurred with BROOKE, J.

HOOKER, J. (*dissenting*). This plaintiff obtained a verdict for $500 against defendant for damages sustained by reason of his ejection from a train by defendant's conductor. He claimed to have surrendered his ticket to the conductor. This was disputed. The jury found plaintiff's testimony true, and we must assume that they were right about it. He was put off the train at a small station and chose to walk six miles to his sister's at Harrisville, and claims that his health was injured thereby. He was a member of a baseball team, and had played that day. He had gone to Alpena in company with a friend, their personal belongings being in one satchel. Testimony was offered which would have shown that this friend had and would have loaned him money to pay the fare required, and this was excluded. Assuming that the plaintiff had no money, and therefore was unable to pay the fare demanded, which he should have done if he consistently could under the case of *Brown* v. *Railway Co.*, 134 Mich. 591 (96 N. W. 925), we think it was error to exclude this testimony,

for the reason that it should have been received in mitigation of damages if for no other purpose.

If he unnecessarily suffered the humiliation of ejection and a walk of six miles, the jury might properly have awarded less damages.

The judgment should be reversed, and a new trial ordered.