GOLDMAN *v.* DETROIT UNITED RAILWAY.

1. CARRIERS—STREET RAILWAYS—PERSONAL INJURIES — FRIGHT — NERVOUS SHOCK—DAMAGES.

In an action for personal injuries by a passenger against a street car company, evidence that there was, as a result of a collision, a violent impact and crash, and by reason thereof plaintiff was thrown to the floor of the car, justified the finding of the jury that plaintiff suffered a physical shock, resulting in extreme nervousness and hysteria, which was due to the collision and not merely to fright.

2. NEW TRIAL—MISTRIAL—DISCRETION OF COURT.

In an action for personal injuries against a street car company, in which plaintiff claimed to be suffering from nervous shock, where, immediately after leaving the stand, and while another witness was being examined who stated she was a trained nurse, loud screams were heard in the corridor, and the witness was called from the stand by plaintiff's counsel, who stated "That is what I feared," and the court below refused to declare a mistrial, but submitted the case to the jury after properly instructing them to disregard the incident, the action was within the discretion of the trial court, and where it cannot be determined by the appellate court that there was an abuse of discretion resulting in a miscarriage of justice, the judgment of the court below will not be interfered with.

3. TRIAL—ARGUMENT OF COUNSEL—CURING ERROR.

Improper argument of counsel in asking the jury if there was a gentleman on it "who would take that for all the money that could be given," was not so prejudicial as to require reversal of the judgment, where the court promptly instructed the jury to pay no attention to the argument, and correctly charged them as to the proper measure of damages.

Error to Wayne; Brown, J., presiding. Submitted January 10, 1918. (Docket No. 43.) Decided March 27, 1918.

Case by Dora Goldman against the Detroit United Railway for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*A. B. Hall,* for appellant.

*Maloney & Mendelsohn,* for appellee.

KUHN, J. The plaintiff was a passenger on a Brush street car in the city of Detroit, operated by the defendant, on the 17th day of February, 1915. While proceeding north, the car was struck, at the intersection of St. Antoine street and Forest avenue, by a crosstown car going east and a portion of the car was knocked from the track. The plaintiff, who was sitting in about the center of the car, saw that a collision was imminent, put up her hand to avoid screaming, and then says she does not remember anything after that until she found herself on the rear end of the car. There is no dispute as to the collision nor as to the fact that the plaintiff was free from contributory negligence. It is the claim of plaintiff that after the accident she assisted a Mrs. Schooler, who was also injured in the accident, and was driven by a doctor to her own home; that upon arrival there she fell into a faint, and was put to bed; a doctor was called, who found no marked symptoms; that subsequently, however, she developed highly nervous symptoms, which resulted in seriously and permanently injuring her health, and which condition she claims continued and remained up to the time of the trial.

A number of physicians who treated her were called to the witness stand to testify as to her condition, who fully described to the jury her physical condition and the injuries which it was claimed resulted from the accident. Dr. Spitzley, one of these physicians, in answer to a hypothetical question, in detailing what,

in his opinion, had caused her condition as he found it, said:

"Certainly I ascribe it to the hurt or injury that she sustained; I thought so then and I think so now."

The case was tried twice in the circuit court. The first trial, which resulted in a verdict in favor of plaintiff in the sum of $5,641.66, was set aside on account of the misconduct of the jury. The second trial resulted in a verdict of $4,000 in favor of the plaintiff.

The first contention of appellant's counsel, as presented in his argument and brief, is that the testimony in the case is conclusive that the plaintiff 'was not physically injured at the time of the accident, and that her present condition is due to hysteria, and that the hysteria is the result of fright and not of the accident. The case of *Nelson* v. *Crawford,* 122 Mich. 466, is relied upon to support the contention that under these circumstances no recovery can be had. We may concede, so far as this case is concerned, the rule announced in *Nelson* v. *Crawford, supra.* It clearly appears that in that case there was no assault or attempt to do the plaintiff any physical or bodily injury, and the court charged the jury, which was approved by this court, that the law does not recognize fright alone, unaccompanied by any physical injury, as a basis for damages. In the present case the question was submitted to the jury by the trial judge with the following instructions:

"No matter what may have caused the injury to plaintiff, if you find she was injured in this accident, she cannot recover unless you find from the evidence that she was injured in the manner as claimed by her here; that is, that she suffered physical shock which resulted in injury to her nervous system, and thereby she has become injured, and that this shock was a result of the accident.

"If you find from the evidence that the plaintiff suffered physical shock which resulted in injury to her

nervous system, she is entitled to recover such injury as she has shown you she has sustained, though there be no external evidence of injury.

"If she was not injured in the manner as claimed by her here, then she cannot recover and your verdict will be for the defendant."

It cannot be, and it is not, denied that there was, as a result of the collision, a violent impact and crash and a jar. There is testimony of eyewitnesses that the plaintiff, as a result thereof, was thrown to the floor of the car, and we are of the opinion that there was clearly sufficient evidence for the jury to conclude that the plaintiff's injuries, even though not immediately visible upon the surface of the body, and which developed at a future date, were due to the violent collision which occurred, thus clearly distinguishing the situation in the present case from that of *Nelson* v. *Crawford*, where there was no claim of any physical injury. See *Light* v. *Railway Co.*, 165 Mich. 433; *Humphrey* v. *Railways Co.*, 166 Mich. 645; *Schroeder* v. *Railway Co.*, 174 Mich. 684. An interesting and leading case on this subject is the case of *Purcell* v. *Railway Co.*, 48 Minn. 134.

The next contention of appellant's counsel is that the court erred in refusing to declare a mistrial because of the following occurrence: It appears from the record that immediately after counsel for appellant had closed his cross-examination of the plaintiff, she was released and left the court room. Another witness was called and sworn for the plaintiff, and shortly after her examination was begun, loud screaming and shrieking were heard as coming from the corridor. The witness upon the stand at the time, who was a trained nurse, left the court room at the request of plaintiff's counsel, and plaintiff's counsel thereupon stated, "That is what I feared." The record shows that the following then took place:

"*Mr. Hall:* I move, the court please, that this case be called a mistrial, on the ground that the plaintiff left the court room after examination, went into the hall and proceeded to scream and holler so that the attention of the court and jury was attracted to it. A witness was on the stand and had just testified she was a trained nurse—left the stand and went to the plaintiff, apparently. I submit that under these circumstances that the yells were so loud and piercing as to be heard throughout the building; everybody's attention in the court room was attracted to it, including the jury, and I think that justice cannot be done under the circumstances to have this trial proceed.

"*Mr. Moloney:* We object to it, your honor, please.

"*The Court:* The jury will understand that this case is being tried on the evidence that is offered here by the witnesses in court. That what takes place outside of the court room you haven't any basis for using it inside. You do not know, only as you might surmise what is going on, and you know less about what it is going on. There is absolutely no presumption in the case either that it is meritorious or fictitious, and you haven't any way of telling anything about it. This case is going to be tried on the testimony taken in court here, and we will proceed at this time. You are here with the witnesses taking up the time of the court, and you have the jury and we will go ahead at this time, and you (addressing jury) will understand that any transactions taking place outside of the court room is something that you are to give no consideration. If you should attempt to give it any consideration, you will undoubtedly be wrong. You would be wrong in attempting it, and when it is outside of your observation, you do not know who it is. Now, if you have a presumption who it is, that is something that you cannot use. If you should attempt to presume what is taking place outside in the corridor and why it is taking place, you would undoubtedly be wrong in your conclusion as well as very wrong in your attempt to do it. Let me get that in your mind correctly, that you will not try to take into consideration anything except what took place in the court room, and noticing then only what comes from the witness chair. We will proceed with the case at this time."

With reference to this incident, the language of Mr. Justice BROOKE, in *Jolman* v. *Alberts,* 192 Mich. 368, we think is appropriate:

"With reference to incidents such as that under consideration, which, though infrequent, sometimes do occur in the course of a trial, it may be said that the presiding judge should, in the exercise of sound discretion, primarily determine whether they are prejudicial to that point which would require him to discharge the jury and announce a mistrial. In such disposition as the trial court may make, this court should not interfere, unless it plainly appears from an examination of the record with special reference to the verdict that there has been a miscarriage of justice."

We are unable to determine or say from this record that there has been a miscarriage of justice. If the plaintiff's witnesses with reference to her injuries were believed by the jury, we are not of the opinion that the plaintiff recovered too much, and therefore do not believe that the disposition made by the trial judge of this incident should be interfered with. See, also, *People* v. *Kimbrough,* 193 Mich. 337.

The remaining assignments of error relate to remarks of counsel in argument to the jury. Complaint is made of the following statement:

"Is there a gentleman on this jury who would take that for all the money that could be given?"

and the case of *Hughes* v. *City of Detroit,* 161 Mich. 283, is relied upon to show that this was prejudicial error. When the statement criticized was made to the jury in the present case, however, the court immediately proceeded to call their attention to the fact that the statement was improper, asked the jury to pay no attention to the argument, and correctly charged them as to the proper measure of damages. Under these circumstances we have held that improper argument does not constitute ground for reversal. See

*Reese* v. *Railway,* 159 Mich. 605; *Merrill* v. *Tinkler,* 160 Mich. 580; *Wheeler* v. *Jenison,* 120 Mich. 428; *Pruner* v. *Railway,* 173 Mich. 152; *Devich* v. *Dick,* 177 Mich. 177; *Eberts* v. *Sugar Co.,* 182 Mich. 473.

With reference to the other argument which is criticized, we think it is sufficient to say that we do not consider the statements complained of sufficiently prejudicial to reverse the case.

The case was fairly submitted to the jury and we find no reason for reversing the judgment of the court below. It is therefore affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, and STONE, JJ., concurred. BROOKE, J., did not sit.