# Richmond.

## VIRGINIA ELECTRIC AND POWER COMPANY (FORMERLY VIRGINIA RAILWAY AND POWER COMPANY) v. J. WILLIAM BROWN.

September 27, 1928.

The opinion states the case.

*T. Justin Moore, N. L. Flippen* and *A. G. Robertson,* for the plaintiff in error.

*Chas. W. Crowder,* for the defendant in error.

CHRISTIAN, J., delivered the opinion of the court.

This is an action by J. William Brown against the Virginia Electric and Power Company (formerly the Virginian Railway and Power Company) to recover damages for his unlawful ejection from one of the company's cars. There was a verdict by the jury for $400.00 damages, which the court refused to set aside, and entered judgment thereon, and the defendant for alleged errors has sued out this writ of error.

The parties will be referred to in this opinion as plaintiff and defendant in accordance with their respective positions in the lower court.

The material facts in the case are undisputed. Shortly before three o'clock on the afternoon of January

14, 1925, the plaintiff, who is thirty-eight years of age and has been a resident of the city of Richmond for twenty-two years, arrived in the city of Richmond from Newport News. Immediately after his arrival he boarded a west bound Broad and Main street car at the station on his way to his home in Ginter Park; paid his fare (six cents) and at his request was given a transfer north at First and Broad streets, where he alighted from the Broad and Main street car and about three o'clock p. m. boarded the first north-bound Ginter Park and Fulton car passing the transfer point.

The plaintiff did not inspect or read the transfer. After he boarded the Ginter Park and Fulton car, he tendered his transfer to the conductor thereof who declined to accept the transfer upon the ground that it was punched at 5:45 p. m. and was, therefore, void when tendered at 3:10 p. m. in violation of the stipulation printed on the transfer that it was "good only this day and for continuous ride from point indicated and on first car of Virginia Railway and Power Company passing transfer point after time punched."

Without inspecting or reading the transfer the plaintiff endeavored to explain to the conductor of the Ginter Park and Fulton car that the transfer had been erroneously punched, but the conductor declined to accept the explanation offered and insisted that the plaintiff either pay an additional fare of six cents (6¢) or leave the car. The plaintiff admits that he had sufficient money with him at the time to pay the additional fare demanded had he elected to do so. He refused, however, to pay an additional fare or leave the car, and after the conductor had repeated his request three or four times, the plaintiff said to him "well you will have to put me off then."

Thereupon the conductor stopped the car after it had

proceeded from Broad street to the eight hundred block on First street. The plaintiff, however, proceeded to take names of witnesses to the occurrence without leaving the car, and even after he had picked up his traveling bag and brief case, he hesitated with them in his hand on the rear platform for a moment, thinking that perhaps the conductor would change his mind. The plaintiff was delaying the car by his conduct, thereupon the conductor took him by the arm and ejected him from the car. He claimed that the force used did not permit him to step down from the platform, and when he landed upon the street from the platform, he dropped his traveling bag and brief case.

No loud or violent or abusive language was used either by the plaintiff or by the conductor, although his witness, Crist, testified that the conductor's manner was overbearing.

Without reporting the occurrence to the company, or demanding satisfaction from the company, the plaintiff employed counsel and instituted this action in form of a notice of motion to recover $2,000.00 damages alleged to have been sustained as the result of the indignity and insult to which he had been subjected by refusing to accept the transfer and ejecting him from the car There was a verdict of a jury on the trial for four hundred dollars ($400.00) for the plaintiff, which the defendant moved the court to set aside because contrary to law and evidence and enter judgment for it. This motion was overruled and the court entered judgment upon the verdict for the plaintiff. Thereupon this writ of error was sued out to review the case for errors assigned in the defendant's petition and preserved by the record.

The "universal transfer ordinance" of the city of Richmond, as it is commonly called (section 22, chapter

43, Richmond City Code, 1924), provides that the street railway companies operating cars in the city shall furnish to the passengers, who have paid their fare, upon application without additional charge, a transfer ticket which shall entitle such passengers at the point of intersection with the line on which they desire to take passage to board the first car going in the direction in which they wish to be transported; and the company operating such car is required to receive the transfer.

The plain purpose of this ordinance is to give the passenger the right to continuous passage for one fare to the point of destination. By its express terms the passenger must take the first car passing the point of intersection and going in the direction in which he wishes to be transported. He has no right to stop over, and in order to protect the street railway companies from abuse of this transfer privilege, the transfer tickets have printed thereon certain figures in columns which the conductor is required to punch, and thus show the time of day by quarter hour periods when the transfer was issued.

The conductor of the Broad and Main street car gave the plaintiff a transfer as required by the ordinance, but instead of punching the transfer as issued at 2:45 o'clock p. m., punched it for 5:45 by mistake, which made it void on its face, because it did not show when the plaintiff took passage on the first car, and therefore he had no right to transfer to the Ginter Park and Fulton car passing the intersection of Broad and First streets at 3:10 p. m.

The sole question of law presented by this case was whether the transfer ticket as between the conductor and passenger was conclusive evidence of the extent of the passenger's right to travel, or if when a

passenger claims that he has paid his fare through, and the conductor of the first car made a mistake in the time punched in the transfer, but can produce no evidence of it, the conductor must at his peril concede what the passenger claims or take all the responsibilities of a trespasser if he refuses. The circuit court took the view of the law that the conductor should have received the passenger's explanation in regard to the transfer and instructed the jury accordingly, and refused to give the defendant's instruction that told the jury that the transfer ticket was conclusive between the conductor and the passenger to which rulings the defendant duly excepted.

Unquestionably there is a great conflict of authorities as to what should be the controlling rule in such cases. But the Supreme Court of Appeals, in the case of *Virginia & Southwestern R. Co.* v. *Hill*, 105 Va. 729, 54 S. E. 872, 6 L. R. A. (N. S.) 899, approved the rule, that, as between the conductor and the passenger, the ticket must be conclusive evidence of the extent of the passenger's right to travel. The court cited the leading case of *Frederick* v. *Marquette, &c. R. Co.*, 37 Mich. 342, 26 Am. Rep. 531, as authority, and quoted at length from that opinion, thus adopting the reasoning of the Michigan court as its own. This rule has been adhered to, and reaffirmed by the Supreme Court of Appeals of this State in every subsequent case where it has been presented for decision.

■ The plaintiff contends that there is a distinction in the rule of law which should control conductors of steam railroads and street railways. The reasons for the adoption of the rule that as between the conductor and passenger the ticket is conclusive are equally cogent and determinative as to both class of carriers.

In fact, the same rule is applied to both carriers by

the Michigan court, Judge Cardwell, in *Virginia & Southwestern R. Co.* v. *Hill, supra,* cites the case of *Mahoney* v. *Detroit Street R. Co.,* 93 Mich. 612, 53 N. W. 793, 18 L. R. A. 335, 32 Am. St. Rep. 528, which was a street car case, where the rule that the passenger must produce evidence of his right to travel other than his own statement was applied, thereby approving the rule that as between the conductor of a street car and a passenger a transfer ticket or some evidence of the payment of his fare, other than the mere statement of the passenger, must be produced or he cannot ride, and if he refuses to pay the fare, the conductor may eject him without becoming a trespasser.

In *Virginia Electric and Power Company* v. *Wynne,* 149 Va. 882, 141 S. E. 829, the passenger had a transfer ticket valid upon its face, which the conductor refused to accept because under instructions from the company, Fourteenth and Main streets was not a point of intersection as formerly for passengers transferring for the west on Main street cars, but Main and Ninth streets. The passenger refused to pay his fare or leave the car, thereupon he was arrested and prosecuted for disorderly conduct. In that case this court held the law in Virginia to be as follows:

"A regulation of a street car company requiring a passenger to produce a transfer to his destination or pay his fare, under penalty of expulsion from the car, is a reasonable regulation and within the power of the carrier to make; but while a carrier may enforce this rule, it has no right to inflict wrongs or injuries upon a passenger in ejecting him from the car. As between the conductor of the street car and a passenger, the face of the passenger's transfer ticket is conclusive evidence as to the extent of his right to ride; and it is the duty of a passenger on a street car, if he has not

*the required ticket or token evidencing his right to travel on that car*, to pay his fare or quietly leave the car, when requested, and resort to his appropriate remedy for the damages he has sustained."

In the case at bar, the plaintiff having tendered an invalid transfer ticket, he should, when it was rejected by the conductor, have either paid the six cents fare or left the car, and when he refused to do so, the conductor was within his rights and duty to have ejected him, and as the conductor used no more force than was necessary the plaintiff has suffered no damage.

Had the circuit court given the defendant's requested instruction which stated the law in Virginia as above set forth, instead of giving the plaintiff's instruction No. 1, the jury upon the evidence in the case could not have properly found a verdict for the plaintiff, therefore, the verdict was contrary to the law and the evidence, and this court will set aside the verdict of the jury and annul the judgment of the trial court, and enter judgment in this court for the defendant.

The amount of damages recoverable in an action upon this contract being only six cents, and suit having not been brought to determine a right, this court will have to treat the plaintiff's damage as *deminimis non curat lex.*

*Judgment reversed.*